## Bennett and Wife, administrators of Vance, *against* Irwin.

THIS was an action of *covenant*. The declaration set forth a deed poll, made the 26th *January*, 1797, whereby the defendant, in consideration of 1,408 dollars, conveyed a certain lot of land to the intestate, and covenanted, that he was well seised in fee, and had good right to convey, &c. and assigned for breach, that the defendant was not seised, &c.

The defendant pleaded six pleas.

1. That the intestate, on the 30th *October*, 1797, by deed-poll, in consideration of 1,000 dollars, sold, released and quit-claimed to the defendant, all the intestate's right, title, and interest in the said lot, free and clear from the intestate, his heirs and assigns, &c. and concluded with a *verification*.

2. That after the covenants, mentioned in the plaintiff's declaration, and before the intestate had sustained any damage, by reason of any breach thereof, the intestate, by his deed, in consideration of 1,000 dollars, dated the est in the land, to the defendant." 3. " That in consideration of 1,000 dollars paid to him, the plaintiff agreed to give up the deed to the defendant." The defendant *demurred* to the 1st and 3d pleas, and *replied* to the 2d plea, that the plaintiff had sustained damages before the release, by reason of the breach of the covenant of seisin, to wit, by paying to the defendant 1,408 dollars, for the land, when the defendant was not, in fact, seised, &c. and tendered an issue thereon, to which replication there was a special demurrer: It was held, that the subsequent reconveyance of the land, by the plaintiff, to the defendant, was not a release or extinguishment of the covenants in the defendant's deed ; that the 1st and 3d pleas were bad, and though the replication to the 2d plea was bad, yet, as the 2d plea was also bad, the plaintiff was entitled to judgment on the demurrer.

*In an action of covenant for a breach of the covenant of seisin, &c. in a deed, the defendant pleaded,1. "That the plaintiff, after the deed to him, in consideration of 1,000 dollars, sold, released, and quit-claimed all his right, and title in the land, to the defendant," &c. 2. " That before the plaintiff had sustained any damage by a breach of the covenants in the deed to him, he sold, released, and quit-claimed all his right, title, and inter-*

30th *October*, 1797, bargained, sold, released, and quit-claimed all his right, title, and interest, &c. in the premises to the defendant, &c. with a *verification*, &c.

3, 4, 5. Payment, on the 30th *October*, 1797, by the defendant, of 1,000 dollars, to the intestate, who accepted the same in full satisfaction and discharge of all damages, &c.

6. That in consideration of 1,000 dollars paid to the intestate, he agreed to give up and deliver to the defendant, as his property, and for his use, the said deed-poll, and that he gave to the defendant an order in writing on his wife, to that effect.

To the 1st and 6th pleas there was a general demurrer and joinder. The plaintiff took issue on the 3d, 4th, and 5th pleas.

To the second plea, the plaintiff *replied*, that before the deed-poll in that plea mentioned was executed, the intestate had sustained damages by reason of the breaches assigned, to 4,000 dollars, to wit, by paying to the defendant the said sum of 1,408 dollars, when in fact the defendant was not at that time, seised, nor had power to sell, &c. and concluded to the country.

To this replication there was a special demurrer, and the plaintiff assigned for causes of demurrer,

1. That the replication is not an answer to the whole plea.

2. Because, it is argumentative, states no new matter, and puts at issue a mere conclusion of law.

3. Because, it concludes to the country, and not with a verification, &c.

The cause was submitted to the court, without argument.

VAN NESS, J. delivered the opinion of the court. The first and only important question in this case is, whether the first plea is a good plea in bar. The defendant by setting up a reconveyance to him by the intestate, of the lot described in the deed containing the covenants upon which the suit is brought, admits, that the

defendant was not seised of the land, and that he had no power to sell, and, consequently, that he had no right to receive the consideration paid to him. But he contends, that he is discharged from the liability resulting from his covenants, in consequence of this reconveyance.

If the defendant is discharged, it must be because the reconveyance of the land operates as a release, or as an extinguishment of the covenants in his deed. The intestate acquired no title to the land which the defendant pretended to convey to him, and there was, therefore, a breach of the covenants of seisin, the moment the deed was executed, and the intestate was entitled to recover from him the consideration expressed in the deed. This is a personal covenant and does not run with the land. (2 *Johnson*, 1. *Greenby* and others v. *Wilcocks*.)

The right acquired by the intestate under the covenants in the deed, are unconnected with, and independent of the right to the land ; and I am at a loss to understand how a release of the intestate's right and title to the land, when he had no right or title at all, can be made to operate as a release or extinguishment of the covenants of seisin.

The transaction is plainly this ; the defendant sells to the intestate a lot of land for 1,408 dollars, and covenants, that he has a good and perfect title to it. He, afterwards, for reasons which do not appear, takes a quit-claim from the intestate for the same lot, for which he thought proper to pay 1,000 dollars. It is, afterwards, discovered that the defendant never had any title to the lot, and that he wrongfully induced the intestate to give him a large sum of money for it. This money the representatives of the intestate now seek to recover back. All this the defendant admits, but says, that he ought not to refund the money, because after he received it, he paid the defendant, for reasons of his own, 1,000 dollars, to induce him to execute a quit-claim of his right and title to the lot.

What inducement the defendant had to take this reconveyance and pay 1,000 dollars for it, is not disclosed by this plea. It may be, that the intestate had obtained a

valid title for the lot from some other source. At any rate, his having taken the quit-claim, cannot be considered as amounting to a discharge of his covenants ; for if that had been contemplated by the parties, a less circuitous mode of expressing their intention, would at once have occurred and been adopted.

I have not met with any cases which show that a release of an estate works an extinguishment of a covenant of seisin previously broken ; but there are some which seem to support the contrary doctrine. (*Austen* v. *Mayle*, *Noy*, 118.   2 *Brown*, 169. 167.   *Freeman*, 41.)

Had the reconveyance from the intestate been of the land, (and not a mere quit-claim of his right and title thereto) perhaps it would have been competent under a different form of pleading, for the defendant to have availed himself of the reconveyance by way of defence.

If, for instance, the defendant had pleaded that he was seised and had power to sell, a reconveyance, such as I have just mentioned, might, probably, have been given in evidence in support of that plea; and it would have then been a question, whether the plaintiffs would not have been estopped from contesting the defendant's title at the time he executed his deed. But a mere release or quit-claim, unless the releasee is in possession, is void.

The second plea is substantially like the first. The only difference between them is, that in the second, the release from the intestate is averred to have been executed before he had sustained any damages by reason of the breach of the covenants, stated in the declaration.

Instead of demurring to this plea, the plaintiffs, by their replication, have attempted to take issue on this averment, and to this replication there is a demurrer and joinder in demurrer.

This replication is bad; but if the plea be bad also, the plaintiffs must have judgment, as the first fault in pleading has been committed by the defendant.

If the first plea is bad, it is clear the second cannot be supported.

The sixth plea is, on the face of it, untenable. (*Rogers* v. *Payne*, 2 *Wils*. 376.)

The court are, therefore, of opinion, that the plaintiffs are entitled to judgment.

Judgment for the plaintiffs.