Chief Justice Robertson
delivered the Opinion of the Court.
Rogers sold to Williams a tract of land, delivered to him the possession, and covenanted to convey the legal title, for the consideration of two thousand dollars ; of which, one thousand five hundred and fifty dollars were paid, and four hundred and fifty dollars assumed by a promissory note; upon which Shrieve, as assignee of Rogers, afterwards obtained a judgment against Williams.
Williams afterwards enjoined Shrieve’s judgment, and prayed for ultimate relief, amounting, (as we understand his very vague and unskilful bill,) to a rescission of the contract, on the alleged ground, that Rogers had no title to the land, and was in doubtful circumstances.
In an amended bill, there Was a prayer for a specific execution of tiie contract, for as much of the land as Rogers should be able to convey.
On the final hearing, the circuit court — being of the opinion that Rogers had not a sufficient title,- nor any title whatever to the greater portion of the land — rescinded the contract, and-decreed that he should refund to Williams nine hundred and thirty three dollars.
Williams complains: first, that the contract was rescinded ; and, second, that the amount decreed to him, is not as much as he has an equitable right to demand.
As to the rescission of the contract, Williams has not jn our opinion, any just cause for complaint; because, in ltis original bill, he seemed'to desire a rescission, and *375 should 'be deemed to have sought such a decree ; arid because, he piayed, in his amended bill, for a conveyance of as much of the land only, us Rogers could shew an indisputable title to, and it does not appear, that Rogers exhibited satisfactory proof of a perfect title to any part of the land, or any colour of title to one moiety of it, which had descended to the iieirs of a joint tenant, who had died in 1793, since the jus accresceudi was abolished, and whose interest had never been conveyed to Rogers.
When a contract forthesule of land, which the purchaser has paid for,and was put in possession of, is rescinded,for causes free ol fraud, the use of the money, and the use of the land, are held to balance each other : the decree should, in general, restorethe money to the purchaser without interest— the land to the vendor, without rents or profits. But— |
If the purchaser has made valuable and lasting improvements on the land ; or if it has suffered in his hands thro’ neglect or mismanagement— these things are the subjects »f valuation, account, and final settlement by the decree.
But Williams may well complain of the decree for nine hundred and thirty three dollars. Where there has been no fraud, or manifest injustice, in the conduct of either party, and the one has enjoyed the use of the land, and the other has enjoyed the use of its accepted equivalent, the general rule, of equity, now recognncd in this court, is, that,-'in, decreeing a rescission for inability to convey the legal title, the land should he restored to the vendor, without any account for profits, and the price should be refunded to the vendee, without interest: whereby, according to their own estimate of equivalents — the one deeming the use of the price, to him, equal to that of the laud, and the other deeming the use of the land, to him, equal to that of the price— they would be each, so far reinstated. But, if the vendee shall have made valuable and permanent improvements, or shall have committed waste, or otherwise improperly injured the land, there should be an account for waste, if any, and for improvements, if any. There are exceptions from this general rule; but nothing appears in this case, for bringing it within any exception ; and the decree of the circuit court is a fitting illustration of the equity of the general rule itself; for, by charging Williams with rents, just as if lie had been a lessee, intending to pay the estimated annual value of the use of the land, and not, as he was, the occupant of that which he deemed his own, the circuit court reduced the one thousand five hundred and fifty dollars, which he had paid, and the accruing Interest thereon, to nine hundred and thirty three dollars ; and would, by a similar process, not only have extinguished the whole amount paid for the land, and also about seven hundred dollars ex *376 pended in making improvements, but have brought Williams in debt, had he occupied the land about nine years longer than he had done : that is, about eighteen years, instead of about nine years.
The amount to líe allowed for improvements, to one who has themfor atime^ is their value renders'1 ethemj uot their value werímade.1'16^
wrar^nd^tear! in the prudent^ UuKhtlie'occupant is not answerable. «or waste and deteby «ros^nevleot" or ^mismanage-account"6 If a balance of ^^remdnÉTun" paid when a sale'of land*of which the purtheTse/is rescinded, the sled to interest on it, in lieu of rent.
The circuit judge, therefore, erred in the basis of his decree.
He also erred, in the rule which he applied to the es-(;ma^e 0f improvements and of waste. As Williams had . the use of his improvements without charge, their real moncy value at the time of .assessment, is the just meásure of his equitable right to compensation for them ; anil he should not, therefore, be allowed, as by the deGree 0f the circuit court, he was allowed, their value at the times when they were respectively made. Nor is lie liable, as the circuit court seemed to think he was, for mere ; deterioration.”
For.the natural wear and t^e, or such deterioration only as may have resulted from the prudent.and ordinary use, he should not be required to account; but sh0uld be held resppnsible only for waste, or any dam- * * *■ age which shall have been the consequence of his improvidence, culpable negligence, or wantonness; or from his having made an unusual, or unexpected, or extraordinary use of the land, or of any of its appurtenances.
But, as Rogers never had the use of four hundred and fifty dollars of the consideration, the annual legal inter'est on that sum should be deducted from the amount to which Williams would otherwise be entitled,
p0r the foregoing errors, without noticing others which may-not occur again, the decree must be reversecp for SUGh further proceedings and final decree as, according to the principles of this opinion, shall be found £0 ¡jg equitable.