ELIZABETH PATRICK v. BRACEY E. ROACH, ADM'R.

In suits for the rescission of sales of land, the parties should set up their respective equities, for rents and profits on the one hand, and for the value of improvements, interest of purchase money, if paid, &c., on the other. Where the purchase money has been paid, and no fraud or injustice has been committed by either party, and the vendor is unable to make the .title, the rule is to restore the land to the vendor, without profits, and the purchase money to the vendee, without interest. But if in such case the vendee had made valuable improvements, there should be an allowance for the value of such improvements.

Where a rescission is by amicable suit, by compromise between the parties, the presumption is that claims not set up have been abandoned; and the parties will be precluded from exhuming such matters, and enforcing them as new and distinct causes of action.

Where a rescission is sought, the right to the value of improvements and the measure of its allowance depend on principles of equity, and not on the provisions of the Statute regulating the action of trespass to try titles; and in such cases the purchaser should be allowed payment for all substantial improvements and repairs.

Appeal from Austin. Tried below before Hon. J. H. Bell.

Action by appellee, as administrator of the estate of Eson Tyson, against appellant, to recover rent for the use and occupation of a plantation belonging to the estate of appellee's intestate for the years 1854, 1855 and 1856.

In March, 1854, John M. Patrick, then the husband of appellant, purchased under an order of Court the plantation for the rent of which suit is brought, gave his note with security and a mortgage on the premises, and went immediately into possession. In October, 1854, before the maturity of the note given by him, John M. Patrick died, and his wife, the appellant, remained in possession until the close of the year 1856, without making any payment. Said John M. Patrick died intestate, leaving no children, the appellant being his only

heir. His estate was insolvent. The appellant having been appointed administratrix of his estate, was required, by an order of the County Court, in March, 1855, to sell the plantation for cash to pay the note given by Patrick for the purchase money. The sale was enjoined by the District Court of Washington county, in April, 1856, upon the petition of the heirs of Tyson, and the sale made to Patrick was rescinded. To this decree of rescission the appellant made no opposition. The value of the rent was proven, and that the appellant had made improvements on the place.

Verdict and judgment for appellee for $750.

The appellant assigns as error the charge of the Court, substantially given in the Opinion.

The verdict of the jury because contrary to evidence.

And the refusal of the Court to grant a new trial.

*D. Y. Portis*, for appellant, insisted that if there was an implied assumpsit by the appellant to compensate for the use and occupation, there was equally as strong an assumpsit in her favor that she should be compensated for ameliorations and improvements. (Wellord's Eq. Jurisprudence, p. 310; Story's Equity.) The books illustrate this by the example of a town lot, which the legal holder might improve to ten times its value, and would thus be entitled to compensation against the equitable owner. There is no instance, however, to be found where the legal and equitable owner of property could ever be required to compensate for the use or abuse of property; and this I take to be the situation of this property. The defendant was the legal and equitable owner of the land, and there is no conceivable instance where justice, equity or good faith could require her to pay for the use and occupation of such property, without full compensation for her improvements.

*Hunt & Holland*, for appellee.

HEMPHILL, CH. J.  The main question is, was the defendant responsible for the rents of the land, or for any part of them?  The facts of this case are such as to show, in our opinion, that she is not responsible for the whole of the rent. Her husband, whom she represents both as administratrix and as sole heir, did not enter upon the land as lessee.  He purchased at a public sale, under an order of the County Court. He entered as purchaser, and remained as such until his death, and she continued his possession as such until the rescission of the sale in April, 1856.  All the circumstances show that this rescission was by consent and by way of compromise between the parties.  That the heirs of E. Tyson, who had been the owners, much preferred the land to the purchase money—at least to the proceeds of a cash sale of the premises—and that the defendant was willing to relinquish a title which was impeached, and be relieved from the obligation of paying for land whose titles were impeachable.  No fault, no fraud was imputed to either John M. Patrick or Elizabeth, his wife, and his administratrix and sole heir.  The gravamen of the complaint of the heirs of E. Tyson, the ground mainly on which they sought a rescission was that the judgment for the debt under which the land was sold, had been illegally and wrongfully obtained.  Their aim was to have this corrected, and it was reduced from three thousand one hundred and fifty dollars, with interest for about three years, to two thousand and sixty-four dollars.  This large reduction, and the change made in the terms of the sale from cash, to half cash and half on twelve months credit, were important advantages, and the strong inducements to the rescission.  The decree of rescission recites that the order of sale by the County Court was void for want of authority.  This position as to the nullity of the sale would, if disputed, have presented much difficulty.  It appears also that large improvements had been made.  Cabins and houses built, one hundred acres cleared, and a fence, almost entirely new, put around the farm of one hundred and

seventy-five acres. Under these circumstances, the anxiety of the heirs to be reinstated in the title may be conceived. They would not likely make any pretension which would excite opposition from Mrs. Patrick. Hence no suggestion or pretence that they or the administrator were entitled to the rents or profits of the land. Nor did Mrs. Patrick set up her opposing equity for improvements. Both parties, it appears, were willing to rescind. One to take the land greatly improved, and the other to be discharged from her liability.

In suits for the rescission of sales of land, the parties should set up their respective equities for rents and profits on the one hand, and for the value of improvements, interest of purchase money, if paid, &c., on the other. Where the purchase money is paid, and there has been no manifest injustice or fraud by either party, and the vendor is unable to make title, the rule is to restore the land to the vendor without profits, and the purchase money to the vendee, without interest. (2 Dana, 374.) But if in such case the vendee had made valuable improvements, there should be an allowance for such improvements. If the defendant, in this case, had sought the rescission on the ground of defect in the order of sale, and had the purchase money been paid, the land would have been restored to the vendor, without account for the rents and the purchase money, together with the value of the improvements to the vendee. But the purchase money not being paid, the valuable improvements made, even if the suit had been brought by the defendant, would have been regarded as an equivalent for the rents and profits. Much more should they be regarded as such equivalent where the suit is brought by the heirs of the vendor for their own benefit, anxious to be reinvested with the land, and willing, as we must presume under the circumstances, to allow equity to the defendant, and not to insist upon extreme claims. The general rule of practice in suits for rescission of sales for fraud, inadequacy of price, &c., is for the parties to set up their respec

tive equities for rents and profits, or for improvements and interest on the purchase money, &c. This is a rule of practice in equity, and has the most imperative force in our system of procedure, which enjoins as a cardinal principle that there shall not be a multiplicity of suits to settle matters properly cognizable in the same action. (Dart on Vendors, 222 ; 1 Sugden, 327 ; 2 Id. 897.)

Where the rescission is by amicable suit, by compromise between the parties, the presumption that claims not set up in such suit have been abandoned, acquires such additional force as to preclude the parties from exhuming such matters, and enforcing them as new and distinct causes of action. We conclude that under the circumstances the plaintiff is not entitled to recover for the rents prior to the rescission in April, 1856.

If it were admitted that the defendant was liable for rents generally, yet it is a matter of much doubt whether the rents, prior to the rescission, were a debt against her individually, or only against her as administratrix of the deceased. The land was not purchased by her, nor for her separate estate. It was community property, bought and held, and the sale afterwards rescinded as such property. There was no direct proof, even that the land was cultivated by her slaves or for her exclusive benefit, except by inference from some of the proceedings of the County Court, introduced in evidence.

But this question will not hereafter be of any importance in the cause, and need not be further considered.

The Court charged that the defendant was not entitled to deduct from the value of the use and occupation of the land the value of the improvements, made by her and her husband on the land, but that they might take into consideration the trouble and expense incurred by the defendant and her husband in bringing the land into cultivation. We have before indicated that a vendee is entitled on a rescission to pay for lasting and beneficial improvements. (Murray v. Palmer, 2 Scho. & Lefroy, 489 ; 2 Sugden, 1028 ; Dart, 222 ; 2 Dana,

469 ; 4 Litt. 370 ; Bright v. Boyd, 1 Story C. C. 478 ; 2 Dev. & Bat. Eq. 9 ; 1 Johns. Chan. 273 ; 2 Story Eq. Sec. 799, 799 b, 1237–1239.)

In suits for rescission, the right to the value of improvements, and the measure of its allowance, depend on principles of equity, and not on the provisions of the Statute regulating the actions of trespass to try title. There was error in limiting the allowance for improvements to the expenses in bringing the land into cultivation. This was an important item ; but a purchaser should be allowed for all substantial improvements and repairs.

We are of opinion that the defendant was not liable for the rents of the land, prior to the 22nd of April, 1856, the date of the decree for the rescission, and that those which accrued from that time to the end of this year may be recovered.

The judgment is reversed and cause remanded for a new trial.

Reversed and remanded.