## TAFT VS. KESSEL.

Where an action is tried by the court, and its written decision embraces a series of distinct propositions, some of fact and some of law, a general exception to the whole will not be sufficient to obtain a review of the questions decided.

A contract for the sale and conveyance of real estate, which recites that the vendor is the owner of the premises, and states that he is to convey the same to the purchaser "by a good and sufficient deed," &c., requires the vendor to execute and deliver a deed that conveys to the purchaser a complete title.

In an action to foreclose a mortgage given for the purchase money of premises conveyed with a covenant of seizin, and there is a failure of title, and the mortgagor remains in possession, but the paramount title has not been asserted

against him, he will be compelled to pay the amount due on the mortgage, deducting therefrom for such technical breach of the covenant, nominal damages only.

The erroneous disallowance by the court below of nominal damages, where it does not affect the question of costs, is no ground for reversing a judgment.

Where the title of the vendor who has contracted to convey fails, the purchaser in possession under the contract may rescind it, and recover back the purchase money paid thereon.

A purchaser who has paid any portion of the purchase money, where the contract is rescinded on account of the default of the vendor, has an equitable lien on the land as security therefor, and where it is necessary for his protection to retain possession, or where the contract [was procured by fraudulent representations of the vendor as to his title, he will not be required to restore possession to the vendor before he can recover the amount paid on the contract.

In an action brought by the vendor against a purchaser by an executory contract for the sale and conveyance of real estate, for the balance of the purchase money, and the vendor has no title, the defendant may in his answer, claim a rescision of the contract on that ground, and recover the money paid thereon, without a previous surrender of the premises; and the judgment of the court will be so framed as to protect the rights of both parties.

APPEAL from the County Court for *La Crosse* County.

Action by *Taft* the vendor, against *Kessel* the vendee, to foreclose a written contract for the sale and conveyance of one hundred and twenty acres of land. The contract states that *Taft is the owner* of the lands described therein, and that he is *to convey the same to Kessel by a good and sufficient deed,* free and clear from all incumbrances made or suffered, by, through or under *Taft,* if *Kessel* should pay him $450 on or before the 12th day of July, 1859, with interest. The complaint alleges, among other things, that *Taft* continued to be the owner in fee of the premises, and was ready and willing to convey the same upon the payment of the amount due him on the contract, and that *Kessel* had paid thereon the sum of $180 only, and that he was in possession of the premises under said contract, and the balance of the purchase money was due and unpaid. The answer alleges that the whole sum to be paid for the land in question was the sum of $600, and that besides the amount stated in the complaint to have been paid by *Kessel,* he had paid the sum of $150 before the contract was

executed, making in all the sum of $330 paid by him on account of the purchase money; that at and before the time of the purchase, *Taft* promising to show *Kessel* the location and lines of the premises in question, falsely and deceitfully represented to *Kessel* the lines and location thereof, in relation to the south line of the premises, and that *Kessel* purchased and made the contract, relying on the truth of *Taft's* statements and representations in regard thereto; that the lands as included within the correct boundaries thereof are made less valuable, and that *Kessel*, confiding in such representations, after such purchase had been made, put improvements upon the premises pointed out and represented by *Taft* to be a part of the bargained premises, of the value of $250, but which improvements are in part, south of the south line of the premises described in the contract, and that his damages by reason of the premises were the sum of $300, which he claimed should be deducted from the amount of the plaintiff's claim on the on the contract; and prayed for general relief. The plaintiff put in a general denial of the matters alleged in the defendant's answer. The issue came on for trial before the court, when a considerable evidence was given by the defendant in support of the answer, and the plaintiff gave evidence to rebut the same, (no part of which is material to the decision of this court), but before the trial was concluded the defendant asked and obtained leave to amend his answer, by alleging as a further defense, in substance, that the plaintiff had not at the time said contract was made, nor had he since, acquired any title to the premises which he had contracted to convey to the defendant, and that he was not then, nor had he since become seized thereof in fee; that *Taft*, at the time said contract was made, untruly represented to *Kessel* that he had title thereto in fee, and good right to sell and convey the same, and which representations were made with intent to deceive and defraud *Kessel*, and that he was deceived and defrauded thereby, and he claimed judgment against the plaintiff for the sum

paid on said contract ($330), and interest. The defendant, under the amended answer, offered to prove that the plaintiff had no right to the premises in question, or any part thereof, either at the date of the contract or the time of the trial. The plaintiff's counsel objected to the introduction of any proof on on that point. The court sustained the objection and excluded the evidence, and the defendant excepted to the ruling. The court decided the cause in favor of the plaintiff, and filed its finding, consisting of several distinct propositions of fact and of law, in which the amount found due on the contract was was fixed at $357.26. To this finding there was a general exception. Judgment of strict foreclosure was entered on the finding in the usual form, from which the defendant appealed.

*E. Fox Cook,* for the appellant, (no brief on file).

*W. H. Tucker & John J. Cole,* for the respondent.

*By the Court,* PAINE, J. This action was brought by the plaintiff as vendor, to bar the defendant's equities under a land contract. The defendant set up that he had been damaged by the fraudulent representations of the plaintiff, as to the boundaries of the land, made at the time of the sale. But the finding of the court was adverse to the defense, and there is no sufficient exception to enable us to review any question of fact. The finding embraces a series of distinct propositions, some of fact and some of law, and there is only a general exception to the whole finding. That this is insufficient, is too well settled to need a reference to authorities.

But the defendant also averred in his answer, that the plaintiff had no title to the land contracted to be sold, but that he had falsely and fraudulently represented to the defendant that he had title, and by this deceit induced him to make the contract, and he asked to recover the amount he had paid, with interest. On the trial he offered to prove these allegations, and all evidence on the point was excluded on the objection of the plaintiff, to which exception was taken.

It has been a matter of some doubt with us, as to what effect this ruling should have upon the judgment. We think the contract obviously required the plaintiff to give the defendant a good title, except that the covenant against encumbrances was to be limited to those " made or suffered by through or under " the vendor. It expressly recited that the plaintiff was the " owner," and had agreed to convey to the defendant "by a good and sufficient deed," &c. This shows clearly that the parties did not contemplate a mere quit claim, but were bargaining for the conveyance of a complete title, except as modified by the limitation of the covenant against incumbrances, to those made or suffered by or under the grantor.

Now if the grantor had actually given a deed with a covenant of seizin, and the defendant had given back a mortgage to secure the unpaid purchase money, and this action had been brought to foreclose the mortgage, it seems to be settled that the defendant being in possession, and no paramount title having been asserted against him, would be compelled to pay the balance due on the mortgage, deducting only nominal damages on his showing a failure of title, and thereby a breach of the covenant of seizin. Rawle on Covenants for Title, p. 100 *et. seq.*; *Morrison vs. Underwood*, 20 N. H., 371; *Hill et. al., vs. Butler*, 6 Ohio St., 217. The ground of this rule is, that as the purchaser has the undisturbed possession, which may ripen into a perfect title, it cannot be assumed with any certainty that he has suffered, or ever will suffer any actual damage by the breach of the covenant of seizin. And although he might be entitled to nominal damages, yet the erroneous disallowance of them by the court below is not a sufficient reason for reversing the judgment, where the disallowance did not affect the question of costs. See cases last cited. Regarding this as well settled in cases where a deed has been given and a mortgage taken back, I have had some difficulty in perceiving any substantial distinction, so far as respects th e question under consideration, between such a case and one

like the present, where the vendor gives a bond for a deed, retaining the title as security. If the failure of title in the vendor is no good reason why the purchaser in possession should not pay the unpaid purchase money or have his rights under the deed cut off by a foreclosure sale, it is not readily obvious to my mind why the same failure of the title should relieve a purchaser in possession under a contract, from either paying the purchase money or being barred of his rights under the contract. And there probably is no reason for any distinction between the two cases, where the vendee elects not to rescind the contract, but to retain the possession acquired under it and take his chances of being ousted by an adverse title. But the vendee, in such case, may rescind and recover the purchase money paid. For it is well settled that a purchaser under an executory contract calling for a good title, will not be required to complete the purchase if the title fails. And the real question here seems to be, whether, in a case like this, a purchaser is in a position to exercise this right, without having restored, or offered to restore the possession? As a general rule, a party rescinding a contract must restore what he acquired under it. He must place the other party in *statu quo*. And this seems to be a condition precedent to the right to maintain an action founded on such rescision. *Moyer vs. Shoemaker*, 5 Barb., 322; *Randlett vs. Herren*, 20 N. H., 107; *Hurst vs. Means*, 2 Swan, 598. There are some English cases which have held that where possession has been delivered under a contract for the sale of real estate, it is impossible to place the vendor in *statu quo*, and therefore the vendee cannot rescind and sue for the consideration, as for money had and received, but must sue on the contract for damages. *Hunt vs. Siek*, 5 East, 449; *Blackburn vs. Smith*, 2 Excheq., 783. If this doctrine should be established, I should then be of the opinion that in analogy to the rule where a deed has been given and a mortgage taken back, the vendee in possession could only recover nominal damages. But the right of rescinding

seems to have been generally allowed in this country on a failure of title in the vendor, notwithstanding the vendee may have taken possession. And assuming this right to exist, I have come to the conclusion that in a case like this, it should not in a court of equity, be held an indispensible condition to its exercise, that the vendee should have previously restored the possession.

There are cases where courts of equity have held that a party claiming a right founded on a rescision of a contract, must have restored, or at least offered to restore what he acquired, as the rule is at law. *Ship vs. Wheeless*, 33 Mississippi, 652. But there are others where it is held, that whenever the contract has been obtained by the fraudulent representations of the vendor as to his title, or where it is necessary for the protection and indemnity of the vendee, he may insist on a rescision and recovery of the amount paid, without first restoring possession. *Garner and others, vs. Leverett*, 32 Ala., 413; *Coffee and others, vs. Newsome*, 2 Kelly, 460. I approve the reasoning of these cases, and think it applicable to the present. We have held in this state, that the purchaser who has advanced any portion of the purchase money, has an equitable lien on the land as security, where the contract is rescinded on default of the vendor. *Wickman vs. Robinson*, 14 Wis., 493. This being so, the retaining possession may be necessary in some cases for the protection of the purchaser; and it would be unreasonable in such cases to compel him to abandon it as a condition of his right to rescind.

There seems no objection to a rule allowing a purchaser thus brought into court as a defendant, to claim a recision and a recovery of the purchase money paid, without a previous surrender of the possession, leaving that matter to be disposed of by the judgment, which can be so framed as to adjust the rights of both parties upon equitable terms. *Griffith vs. Depew, and others*, 3 Marshall, 177; *Williams vs. Rogers*, 2 Dana, 374.

It may, perhaps, be doubtful whether the appellant really

desires a total rescision of the contract upon the condition of abandoning the possession. But if the facts averred in his amended answer are true, he is entitled to such rescision and to recover the money paid. It was therefore erroneous to reject the evidence offered to show a failure of title.

The judgment is reversed, with costs, and a new trial ordered.