## OSBORN VS. JAINES.

The legislature may extend the period of limitation as to all causes of action not already barred.

The legislature has no power to bar the action upon an existing cause instantaneously, or without giving a reasonable time to prosecute.

A tax deed was recorded May 30th, 1856. Before the expiration of three years from that time, viz., by an act published on the 8th of April, 1859, the period within which actions might be brought by former owners to recover lands sold for taxes was extended to three years from the passage of said act. This provision was repealed in 1861, and an act passed providing that no such action should be brought after the expiration of three years from the recording of the tax deed. *Held*, that the last act was not applicable in this case, the deed having been recorded more than three years before its passage; and there being no statute in force relating especially to land sold for taxes, which would apply to it, the case was governed by the general statute (R. S., ch. 138, sec. 2), which prescribes a limitation of twenty years.

Where the record in an action by the former owner to recover land sold for taxes, does not show that the evidence offered to impeach the validity of the tax and the tax proceedings under which the land was sold, and objected to by the defendant only on the ground that the action was barred, did not tend to prove that the tax was paid or the land redeemed, this court cannot reverse a judgment for the plaintiff.

Upon such a record the questions decided in *Smith vs. Cleveland*, ante, p. 556, do not arise.

APPEAL from the Circuit Court for *Dane* County.

Ejectment for land held by the defendant under a tax title. The case is stated in the opinion of the court. Judgment for the plaintiff.

*Geo. B. Smith*, for appellant, contended that chap. 197, Laws of 1859, did not in terms repeal the law of 1849, limiting the

time in which actions could be brought to recover lands conveyed for taxes ; and the law does not favor repeals by implication. *Loker vs. Brookline*, 13 Pick., 343, 348 ; 2 id., 172, 176. The act of 1859 was but an extension of the time for bringing suits, and this act being repealed by chap. 24, Laws of 1861, the limitation law of 1849 remained as it was before, unaffected by the law of 1859 ; for when that law was repealed it was as if "no such law had ever existed." *Butler vs. Palmer*, 1 Hill, 324, 328, 382 ; 5 Cranch, 281 ; 6 id., 329 ; 1 Blackf., 451. 2. Counsel also argued that a tax deed, under the laws of 1854, cannot be invalidated by anything short of proof that the land described therein was not liable to the tax levied upon it, or that the tax was paid, or that the land was duly redeemed.

*Hopkins & Foote*, for respondent.

*By the Court*, DIXON, C. J. Ejectment for a tract of land in the county of Dane. The defendant claims title under a tax deed, and the sufficiency of that title is the only question. The land was sold in April, 1853. The deed issued May 26th, and was recorded May 30th, 1856. It was admitted, on the trial, that the defendant had been in possession and was so still, and that he had made valuable improvements on the land. How long he had been in possession does not appear. The case was argued in connection with *Smith vs. Cleveland*, already decided, and as if it presented the same questions. But we do not think it does. The bill of exceptions is not so framed as to present the questions upon which that case turned, if they were in fact involved. The record recites that "the plaintiff, to maintain the issue on her part, offered in evidence certain records from the office of the clerk of the board of supervisors, and also from the office of the county treasurer, in order to impeach the legality and validity of the said tax of 1853, and the proceedings upon which said land was sold for taxes ; to which the defendant, by his attorneys,

objected, for the reason that more than three years had elapsed since the issuing and recording of said tax deed, and the plaintiff was therefore barred by the statute of limitation from bringing his action, or impeaching or contesting the validity of the tax sale or of the deed under it. But the court overruled the objection, and admitted the evidence, to which decision the defendant excepted."

This is all that the bill of exceptions contains as to the evidence, and it is manifest that we cannot pass upon the nature or effect of it. We have no information upon the subject. The records introduced may have shown that the taxes were paid, or the lands redeemed. The treasurer and clerk were required to keep a record of such facts, if they existed; and at all events we cannot determine the sufficiency or admissibility of evidence until we know what it is.

Besides, the time of the sale is not shown. The answer avers it to have been on or about the 12th of April, 1853, but when it was proved to have been made we are not informed. The act of April, 1852, was repealed in several important particulars by the act of March 31st, 1853, as will, upon examination, be seen. It appears from the schedule of dates appended to the laws of 1853, that the latter act was published on the 18th day of April of that year. It becomes very material, therefore, to know whether the sale took place before or after that date.

But the other question, likewise argued in *Smith v. Cleveland*, though not decided, is fairly presented by the record, and must be determined. It seems to have been the only question made and discussed in the court below. It is, whether the limitation prescribed by the fifth section of the act of April 2, 1861, can be applied to this action. Laws of 1861, chap. 138. At the time the tax deed was executed and recorded, the period of limitation was fixed at three years from the recording. R. S., 1849, ch. 15, sec. 123. This period was continued by the statutes of 1858. R. S., ch. 18, sec. 153. Also by the act of

February 22, 1859. Laws of 1859, chap. 22, sec. 33; R. S., ch. 191, sec. 13. But the second section of the act of March 19, published April 8, 1859, extended the time in which the former owner or owners, or any person claiming under him or them, might maintain an action for the recovery of land theretofore sold and conveyed for the* non-payment of taxes, to three years from the passage of that act. Laws of 1859, chap. 197. This section was repealed by the act of February 14, 1861. Laws of 1861, chap. 24. Section five of the act of April 2, 1861, above referred to, reads as follows: " No action shall be commenced by the former owner or owners of any lands, or by any person claiming under him or them, to recover possession of land which has been sold and conveyed by deed for non-payment of taxes, or to avoid such deed, unless such action shall be commenced within three years next after the recording of such deed." This is the only special statute now in force upon the subject.

The power of the legislature to extend the period of limitation as to all causes of action not yet barred, is not denied. It may do so at pleasure. But its power by retroactive laws to cut off the remedy or bar the action upon an existing cause, *instanter*, or without giving a reasonable time to prosecute, is denied. Both these propositions are old and well settled. At the time of the passage and publication of the act of March 19, 1859, the remedy of the plaintiff was still open. The bar of the previous statute, had the same remained in force, would not have attached until the 30th day of May following. The effect of section 2 of the act of March 19, was, therefore, to continue the remedy until the expiration of three years from the time of its passage, or to the 19th of March, 1862. For although this section has been held inoperative as to causes of action then already barred, we suppose there can be no doubt of its validity as to those which were not so. It was good as to all cases within the reach of legislative action. But before the expiration of this extended time, namely, on the 14th of February,

1861, the section was repealed. That left the cases within its operation without any special statute. It brought them within the dominion of the general statute, which prescribes a limitation of twenty years. R. S., ch. 138, sec. 2.

Then came the act of April 2, 1861, the language of which has been repeated. It declares that *the action shall be commenced within three years next after the recording of the deed.* At that time it was three—nearly five—years since the recording of the defendant's deed. Hence this act cannot be applied. The effect would be not only the instantaneous destruction of the plaintiff's remedy, but, if a thing so impossible can be supposed, the destruction of it nearly two years before the enactment of the statute.

Judgment affirmed.