## ELIZABETH PATRICK v. BRACY E. ROACH, ADMINISTRATOR.

The purchaser of a tract of land at an administration sale went into possession; the sale was subsequently set aside; the land was again sold by order of the court; a third party purchased; but the first purchaser continued in possession the remainder of the year after the second sale, which was in the month of July; the administrator of the estate of which the land so sold formed a part, sued the first purchaser for damages for the use and occupation for the entire year: *Held,* that the right of the administrator to claim damages ceased when the estate parted with the title to the land, and he could not recover of the first purchaser damages which resulted from his detention subsequent to the second sale, unless there was a special reservation to that effect at the time of the second sale.

A release by the second purchaser to the administrator of all right to rents of the premises during the entire year against the first purchaser, would not entitle the administrator to recover of the first purchaser the rents which accrued subsequent to the second sale in the action for damages for use and occupation.

Whether the appellant, who was the widow and administratrix of the estate of the purchaser at the first sale, and had continued in possession of the premises after his death, was liable for the use and occupation thereof in any capacity, either individually or as administratrix, was a question of fact to be determined by the jury.

It was therefore error for the court to instruct the jury that they might find a verdict against the appellant individually, unless they believed that she occupied and carried on the plantation for the benefit of the estate of her deceased husband, and had accounted for the profits arising from its cultivation.

APPEAL from Austin. Tried below before the Hon. George W. Smith.

This case was formerly before the Supreme Court on appeal, re-versed and remanded, and reported in 21 Tex. R., 251.

On the return of the case to the court below, the defendant, by an amended answer, pleaded that the plaintiff, as the adminis-trator of the estate of Eson Tyson, deceased, had, on the 1st day of July, A. D. 1856, sold all the right, title and interest of his intestate in and to the premises described in his petition, to William E. Crump. She further pleaded that she was not liable to the plaintiff for the rent claimed by him, because she had been ordered to rent the plantation for the year 1856, by order of the Probate Court of Austin county, and that in pursuance of that order she had rented the premises to one George W. Turwin for the year 1856. The plaintiff, by amendment, claimed that he was entitled to rent from the 22d day of April, 1856, to the 1st day of January, 1857.

On the trial the plaintiff offered in evidence a paper signed by " W, E. Crump," without date, as follows :

" I, William E. Crump, of the county of Austin and State of Texas, do hereby relinquish to Bracy E. Roach, as administrator of the estate of Eson Tyson, all the right, title, interest and claim (if any I ever had) for rent against Elizabeth Patrick, for her use and occupancy of the Tyson plantation for the year 1856, or for any part of said year. I have never claimed any rent for said year, and always admitted said Roach's right as administrator to collect the rent for said year."

To the reading of which the defendant objected, and the court overruling the objection, permitted it to be read to the jury ; to which ruling the defendant excepted.

Wm. E. Crump, for plaintiff, testified that he purchased the plantation for which rent was claimed in this suit, on the 1st Tuesday in July, 1856, at a sale made by the plaintiff as admin-istrator of the estate of Eson Tyson, deceased, under an order of the Probate Court, and had paid for the same ; that in 1856 there were about eighty acres of the plantation newly cleared ; that he thought the clearing of that number of acres was equivalent in value to the rent of the same ; that there was of old cultivated land about one hundred and twenty acres, making in all about

Patrick  v.  Roach.

two hundred acres; that he rented the plantation in 1857 for $500; in 1858 for $600, and in 1859 for the same amount. It was admitted that the Probate Court of Austin county made an order, at the December Term, 1855, requiring the defendant, as the administratrix of J. M. Patrick, to rent the plantation for the year 1856; that she rented the same to George W. Turwin for one hundred dollars for that year; that the latter lived on the place during that year, and managed the negroes of Mrs. Patrick, the defendant; that she did not reside on the place during that year, but a few miles therefrom.

The charge of the court on the second trial is substantially as stated in the opinion of the court on this appeal. The other facts are substantially stated in the case reported on the former appeal.

The jury returned a verdict for the plaintiff for two hundred and fifteen dollars, and judgment was rendered for that amount. A new trial having been refused, the defendant, Mrs. Patrick, appealed.

*A. P. Thompson, J. H. Robson* and *D. Y. Portis*, for appellants.

*Hunt & Holland*, for appellee.

MOORE, J.—This was a suit by the appellee to recover from the appellant damages for the use and occupation of a tract of land. It was settled when this case was before this court on a former appeal, (21 Tex., 251,) that the plaintiff in the court below could only claim damages for the use and occupation of the premises subsequent to the 22d of April, 1856, the date of the recision of the contract under which John M. Patrick, the husband of the appellant, entered into possession of the land. It is equally clear that appellee's right to claim damages, by reason of the detention of possession by appellant, ceased when the estate in right of which this suit is prosecuted, parted with its title to the land, unless there was a special reservation to this effect at the time of the sale. If by the terms of the sale the right to the possession and the use and enjoyment of the premises was reserved to the

estate to as late a day as that on which this suit was instituted, appellee could unquestionably have recovered for the use and enjoyment of the land down to that time. There was no testimony, however, before the jury from which they were authorized to infer that such were the terms upon which the land was sold; we think, therefore, the charge of the court based upon this hypothesis calculated to mislead the jury, and was consequently erroneous.

The release from Crump, the purchaser at this sale, was also improperly admitted in evidence. It does not tend to prove that the purchaser did not acquire by the terms of the sale an immediate right to the possession of the land. If such was the understanding at the time of the sale, it seems singular that there should have been no effort to have proved it by the purchaser, who was examined as a witness by the appellee. The release can only be considered as a declaration by the purchaser that he had never claimed anything for the rent or use of the land prior to the first of January subsequent to his purchase; and if he was entitled to anything on this account, that he relinquished the same to the appellee. Whatever rights the appellee may have acquired by this release, she could only have enforced them in this case by an amendment of her petition, setting up this as a new and additional cause of action. This she failed to do, and the release was therefore improperly permitted to go, as evidence, to the jury.

The jury were instructed that they might find a verdict against appellant individually, unless they believed she occupied and carried on the plantation for the benefit of the estate, and had accounted for the profits arising from its cultivation. We are of the opinion that this charge is incorrect. It assumes as a fact that the appellant was either individually, or as administratrix of her deceased husband, in the possession and use of the plantation. Whatever may be said as to the weight of testimony on this point, it was a matter in issue in the case, and could not be assumed as a fact by the court. Again, if she were *bona fide* in possession of the land in her representative capacity, she could not be held individually liable in this suit for a failure to account for the profits arising from the cultivation of the farm. Her responsibility for such default is primarily in the County Court. Pre-

Patrick v. Roach.

vious to the inception of the sale under which John M. Patrick's estate was entitled to the possession of the land, appellant as his administratrix rented it for the ensuing year. This, however, could not affect the rights of the appellee after the title under which Patrick went into possession was cancelled by the decree of the court. The suit for this purpose was pending when the land was rented by the appellant as administratrix of Patrick; the party renting was consequently chargeable with notice of it as *lis pendens*, and was concluded by the decree rescinding the title under which he acquired his possession.

Appellee might, therefore, as soon as she became entitled to the land under this decree, have demanded it from the party occupying it. And if in fact the pretended renting was a mere pretext and sham, and the appellant was holding and using the property for the estate of her intestate, she could be held accountable in her representative character; or if in fact it was rented for her individually, and it was held and used either directly or indirectly for her individual account or benefit, she became individually responsible to the owner for the damages sustained by its illegal detention. The fact that it was rented in the name of her son, and that he used negroes belonging to her for its cultivation, does not necessarily show that she had any interest in the premises, or that the plantation was carried on or cultivated by her, or on her account.

The judgment is reversed and the cause remanded.

Reversed and remanded.