## LAUBENHEIMER VS. MANN.

Defendant, at the time of purchasing from plaintiff certain village lots, entered into a written agreement not to sell upon said lots any kind of spirituous liquors in quantities less than a half barrel, and that in case he did so he should be "liable to pay the plaintiff, his heirs and assigns, in the first case a *fine* of ten dollars, in the second case a *fine* of twenty dollars, and for every further case the sum of fifty dollars;" and by a further clause he promised to "pay the said *punishment*" for non-performance of his covenant. *Held,* that the sums named must be regarded as a *penalty,* and not as liquidated damages.

A judgment in plaintiff's favor for nominal damages does not, under our statute, entitle him to costs, but a judgment for costs may be rendered against him.

Where plaintiff was entitled to a judgment for nominal damages, but was nonsuited, the judgment will not be reversed on appeal.

APPEAL from the County Court for *Milwaukee* County.

This cause was before this court at the June term, 1863, on appeal from an order overruling a demurrer to the complaint, and is reported in 17 Wis., 542, where will be found a statement of the substance of the complaint and of the written contract on which the action was brought. The circuit court, on the second trial, nonsuited the plaintiff, on the ground that the sums named in said contract to be paid by defendant upon breach of his covenant against selling liquors, were in the nature of a penalty, and the plaintiff had not offered any proof of special damages. From this judgment the plaintiff appealed.

*Smith & Cotzhausen,* for appellant, in support of the view that the sums named in the contract were designed as liquidated damages, cited 2 Parsons on Con., 434, 436; *Sainter v. Ferguson,* 7 C. B. (62 E. C. L.), 716; *Pierce v. Jung,* 10 Wis., 30; *Dakin v. Williams,* 17 Wend., 447; 22 Wend., 201; *Pearson v. Williams,* 26 id., 630; *Mundy v. Culver,* 18 Barb., 336; *Smith v. Smith,* 4 Wend., 468; *Mott v. Mott,* 11 Barb., 127; *Pettis v. Bloomer,* 21 How. Pr. R., 317; *Crisdee v. Bolton,* 3 Car. & P., 240; *Astley v. Weldon,* 2 Bos. & P., 346. 2. The plaintiff was at least entitled to a judgment in his favor even without showing special damages, under sec. 19, ch. 140, R. S.

*Austin & Pereles, contra,* cited 2 Greenl. on Ev., §§ 257–8; 2 Story's Eq. Jur., § 1318; 2 Parsons on Con., 435; Sedgwick on Dam., 433, 435; *Dennis v. Cummins,* 3 Johns. Cases, 297; *Dakin v. Williams,* 17 Wend., 449; *Same Case,* 22 id., 211; *Hoag v. McGinnis,* id., 163; *Gray v. Crosby,* 18 Johns., 219; *Shute v. Taylor,* 5 Met., 67; *Tayloe v. Sandiford,* 7 Wheat., 13; *Gowen v. Gerrish,* 3 Shep., 273; *Watts v. Shepherd,* 2 Ala., 425; *Moore v. Platte Co.,* 8 Mo., 467; *Bright v. Rowland,* 3 How. (Miss.), 398; *Chamberlain v. Bagley,* 11 N. H., 234; *Hamilton v. Overton,* 6 Blackf., 206; *Carpenter v. Lockhart,* 1 Carter, 434; *Cheddick v. Marsh,* 1 N. J., 463; *Perkins v. Lyman,* 11 Mass., 83; *Merrill v. Merrill,* 15 id., 488; *Stearns v. Barrett,* 1 Pick., 443; *Robeson v. Whitesides,* 16 S. & R., 320; *Heard v. Bowers,* 23 Pick., 455; *Roy v. Duke of Beaufort,* 2 Atk., 190; *Benson v. Gibson,* 3 id., 395; *Ashley v. Weldon,* 2 Bos. & P., 346; *Barton v. Glover,* Holt's N. P., 43 (3 E. C. L., 19); *Sloman v. Walter,* 1 Bro. Ch., 418; *Hardy v. Martin,* id., 419; *Kemble v. Farren,* 6 Bing., 143 (19 E. C. L., 34); *Graham v. Bickham,* 4 Dallas, 149; *Davies v. Penton,* 6 B. & C., 216; *Low v. Nolte,* 16 Ill., 475; *Lindsay v. Anesley,* 6 Ired., 186; *Smith v. Wainwright,* 24 Vt., 97; 14 Maine, 250; *Smith v. Dickenson,* 3 Bos. & P., 630; *Orr v. Churchill,* 1 H. Bl., 227; *Richard v. Edick,* 17 Barb., 260; *Jackson v. Baker,* 2 Edw., 471; *Cutler v. How,* 8 Mass., 257; *Curry v. Larer,* 7 Pa. St., 470; *Beale v. Hayes,* 5 Sandf., 644; *Fitzpatrick v. Cottingham,* 14 Wis., 219; *Main v. King,* 10 Barb., 62; *Salters v. Ralph,* 15 Abb., 273; *Horner v. Flintoff,* 9 Mees. & W., 678; *Shiell v. McNitt,* 9 Paige, 101; *Leland v. Stone,* 10 Mass., 462; *Holmes v. Holmes,* 12 Barb., 137; *Esmond v. Van Benschoten,* id., 366; *Mundy v. Culver,* 18 id., 336; *Lange v. Werk,* 2 Ohio St., 519; *Hussey v. Roquemore,* 27 Ala., 281; *Pierce v. Jung,* 10 Wis., 30.

*By the Court,* DOWNER, J. The agreement set out in the complaint was evidently drawn by some one who did not well understand the English language. It is, however, in substance

Laubenheimer vs. Mann.

an agreement reciting that the plaintiff had, on the sixth day of February, 1857, conveyed to the defendant lots eleven and twelve, in Richfield, for the sum of $350, and that the agreement was executed simultaneously or the same day ; and that the defendant agreed that he would not sell spirituous liquors on said lots, or in the buildings erected thereon, and in case he did he " shall [should] be liable to pay to the said first party, his heirs or assigns, in the first case a fine of ten dollars, in the second case a fine of twenty dollars, and for every further case the sum of fifty dollars."

Are these sums, called fines in the agreement, liquidated damages or penalties ? If they are the former, then, accord· ing to the admissions of the defendant at the trial, that he had sold liquor on said premises five times a day each day for five years preceding the commencement of the suit, the plaintiff would be entitled to recover about four hundred and fifty-six thousand dollars, and if the averments of the complaint are true, five times that sum ; and yet the complaint demands judgment for only fifteen thousand dollars and costs.

We are of the opinion that the word " fine," as used in the agreement, is synonymous with penalty, and that the sums mentioned are not liquidated damages but penalties. The au· thorities cited by the respondent are clearly to the effect, that where it is difficult to ascertain from the agreement what the parties intended, or where the parties have expressly declared the sum to be a penalty, or used words which are equivalent in meaning, the courts regard the sum specified as a penalty, and give only such damages as are proved.

No special damages being proved, the plaintiff was entitled to recover nominal damages ; and yet the circuit court granted a nonsuit. Should the judgment be reversed for this error ? A judgment for nominal damages would not, under our statute respecting costs, have entitled the plaintiff to costs, nor would it have saved him from a judgment for costs against him. The judgment should not be reversed for such error·

*State v. Miller*, 5 Blackf. (Ind.), 381; 1 Johns Cas., 255 ; 1 Burr., 11; *Rundell v. Butler*, 10 Wend.,119.

Judgment of the circuit court affirmed, with costs.