## MECKLEM VS. BLAKE.

VENDOR AND VENDEE: *Breach of covenant of seizin—Damages—Rescission of sale.* STATUTE OF LIMITATIONS: *Adverse possession under tax deed.— Reversal of judgment.*

1. For breach of the covenant of seizin, where there has been no eviction nor other actual injury, the grantee can recover only nominal damages.
2. But the grantee, after tendering a re-conveyance and possession, may maintain an action to rescind and recover the purchase money.
3. Under secs. 6, 10, ch. 138, R. S., 1858, adverse possession under a tax deed for *ten* years commencing *before* that revision, barred the title of the original owner, if a reasonable portion of the term remained after the act to enable him to commence suit; otherwise the previous limitation of *twenty* years would apply.
4. A judgment of dismissal will not be reversed where the only relief to which the plaintiff was entitled was a judgment for nominal damages.

APPEAL from the Circuit Court for *Milwaukee* County.

In March, 1857, *Blake* conveyed to *Mecklem* the south eighty feet of "lots 7 and 11, in block 17," in a certain section of land in Washington county, the consideration named being $4,000; and the deed contained the usual covenants of seizin and against incumbrances. *Mecklem* brought this action to recover the purchase money paid, alleging a breach of said covenants. The facts will sufficiently appear from the last paragraph of the opinion.

The jury, under the direction of the court, found for the defendant; and the plaintiff appealed from the judgment.

*Hugh Cunning*, for appellant, cited Rawle on Cov., 84, 89, 344-49, 454-5, 682; 2 Hilliard on R. P., 349, 403, 410; *Abbott v. Allen*, 14 Johns., 248; 1 Coms., 509, 564; *Beckmann v. Henn*, 17 Wis., 412; 6 Wis., 85.

*A. M. Blair*, for respondent.

Dixon, C. J. This case presents the vexed question of the measure of damages in an action for a breach of the covenant of seizin, where the covenantee has entered and held possession of the land under the deed without ouster or eviction by paramount title, and without having sustained any real injury in consequence of the alleged breach. In this country there is an irreconcilable conflict of decisions upon the question. In some, perhaps most, of the states, no distinction is taken between a nominal and a substantial breach of the covenant—a breach by which the covenantee sustains no injury, and one where he is actually injured; and it is held that the covenant is broken as soon as made, and becomes at once a *chose in action*, not assignable at common law, and not passing by descent or conveyance of the land; and that on such merely nominal breach, the covenantee, though still possessed of the land, may sue for and recover back the purchase money paid, and interest upon the same for such length of time as he himself may be liable for the use and occupation of the premises to the rightful owner. Several decisions to this effect are cited by Judge Downer in his opinion in *Noonan v. Ilsley*, 21 Wis., 138; and others may be found in the note to *Spencer's Case*, 1 Smith's Leading Cases, *164-65. This doctrine has been carried so far as to hold that full damages may be recovered on a covenant for seizin or against incumbrances, even when the land has been conveyed by the covenantee before action

brought, without warranting the title, and for as much or even more than he originally gave. *Davis v. Lyman*, 6 Conn., 249: *Cornell v. Jackson*, 3 Cush., 509; *Bickford v. Page*, 2 Mass., 455; *Bennett v. Irwin*, 3 Johns., 363. On the other hand, the English courts, and with them the courts of several of the states, make a distinction between a mere formal breach, from which no real damage results, and a final or complete breach, by which the possession of the land is lost or other actual injury ensues. These courts hold that where the covenantor is in possession claiming title, and delivers the possession to the covenantee, the covenant of seizin is not a mere present engagement, made for the sole benefit of a covenantee, but that it is a covenant of indemnity entered into in respect of the land conveyed, and intended for the security of all subsequent grantees, until the covenant is finally and completely broken; and they consequently hold that no such right of action accrues to the covenantee on the mere nominal breach, which always happens the moment the covenant is executed, as is sufficient to merge or arrest the covenant in the hands of the covenantee, or to deprive it of the capacity of running with the land for the benefit of the person holding under the deed when an eviction takes place or other real injury is actually sustained. The possession of the land, or seizin in fact, under the deed, by the covenantee or those claiming through him, is considered such an estate as carries the covenant along with it; and whilst some of the cases hold that such possession or seizin, so long as it remains undisturbed, satisfies the covenant, so that no action can be maintained until a right of substantial recovery exists, consequent upon an eviction or other actual loss, it is, or seems to be, the opinion of the courts in others, that there may be an action by the covenantee for the formal breach, in which only nominal damages can be recovered. It is not required of us here to

express an opinion as to which of these views may be the more correct; since the result in this action would be the same, whichever view was taken. It is enough that both result in establishing the same proposition, which is, that the covenant is a covenant of indemnity against actual damage arising from want of lawful title, and that it runs with the land until such damage has actually arisen to the party holding possession under the deed.

The English decisions to which reference is made, are *Kingdon v. Nottle*, 1 Maule & Selw., 355; *King v. Jones*, 5 Taunt., 418; and *Kingdon v. Nottle*, 4 Maule & Selw., 53. These have been followed in Indiana (*Martin v. Baker*, 5 Blackf., 232; and *Overhiser v. McCallister*, 10 Indiana, 41); in Ohio (*Backus v. McCoy*, 3 Ohio, 211; *Foote v. Burnet*, 10 id., 317; and *Devore v. Sunderland*, 17 id., 52); and in Missouri (*Dickson v. Desire*, 23 Mo., 151). Such also is the practical effect of the decision in New Hampshire, *Morrison v. Underwood*, 20 N. H., 369, where it was held that upon breach of the covenant of seizin, no more than nominal damages can be recovered, unless it appears that the grantee has suffered some actual injury. And the same doctrine is directly sustained in South Carolina, where the covenant against incumbrances is similarly interpreted, and it is held that the right of action passes with a transfer of the land, and vests in the party on whom the weight of the incumbrance falls, and not in the original covenantee. *McCrady v. Brisbane*, 1 Nott & McCord, 104; *Jeter v. Glenn*, 9 Richardson, 376. And it gains much additional strength from the decisions in several other states, where it is held that upon the covenant against incumbrances, which, like the covenant of seizin, is broken, if at all, as soon as made, the covenantee can found no right to actual damages on the mere existence of the incumbrance, but will be limited to a nominal recovery, unless he has paid off the incumbrance,

or actually lost the estate in consequence of it. *Delavergne v. Norris,* 7 Johnson, 358; *Bean v. Mayo,* 5 Maine, 94; *Richardson v. Dorr,* 5 Vt., 9; *Stannard v. Eldredge,* 16 Johns., 254; *Prescott v. Trueman,* 4 Mass., 627; *Wyman v. Ballard,* 12 id., \*304; *Taft v. Adams,* 8 Pick., 547; *Leffingwell v. Elliott,* id., 457; *Harlow v. Thomas,* 15 id., 66. If the incumbrance may never be enforced, and the covenantee never injured by it, so the outstanding paramount title may never be asserted, and no damage ever result from that. If the covenantee is not permitted to recover the amount of the incumbrance without having discharged it, because he may thus retain both the land and the money so recovered, it would seem that he ought not to be allowed to recover the consideration money and interest and at the same time to retain possession of the land under a title which may never be disturbed, or the defects of which may be remedied by the payment of an inconsiderable sum, or by the mere lapse of time without the payment of any money at all.

This doctrine is furthermore supported by the decisions of this and other courts, that where a deed is made and accepted, and possession taken under it, want of title will not enable the purchaser to resist the payment of the purchase money, while he retains the deed and possession, and has been subjected to no inconvenience or expense on account of the defect of title. *Taft v. Kessel,* 16 Wis., 273; *Horton v. Arnold,* 18 id., 212; *Ludlow v. Gilman,* id., 552; *Hall v. Gale,* 14 id., 54; *Hill v. Butler,* 6 Ohio St., 207; *Small v. Reeves,* 14 Ind., 163. Nothing could be more inconsistent than to hold that the purchaser in possession cannot resist an action to compel payment of the purchase money, and yet that he may turn around and immediately recover it back by suit upon the covenant of seizin.

On the whole, after the fullest consideration of the question and examination of the authorities, we are satisfied

that the decisions of the English courts, and of the courts in this country in which they have been followed, furnish the only sound and just rule for the interpretation of the covenant of seizin. We, therefore, without hesitation, adopt it, and deem it unnecessary at this time to enter more at large into the reasons for this conclusion, since they are so fully illustrated in the several cases to which reference has been made.

We proceed now to apply the rule to the case before us. *Blake*, being in possession under color of title, claiming adversely, sold and conveyed the premises, with covenants of seizin and against incumbrances, to *Mecklem*, who entered under the deed and held possession for several years, until a mortgage executed by him to secure a portion of the purchase money was foreclosed, and the premises sold, and possession delivered to the purchaser pursuant to the judgment. About one year afterward, this action was commenced, in which it is neither claimed nor shown that *Mecklem* was ever disturbed in the possession, or that he suffered any other actual damage by reason of the defect in *Blake's* title. In fact, the title to one of the lots (lot 11) became perfect by lapse of time before or about the time this action was commenced. It had been occupied by *Blake* and his assigns, under claim of title exclusive of any other right, founded on the tax deed to *Farwell* of June 7th, 1845, for the period of ten years. This, under the present statute (R. S. 1858, ch. 138, secs. 6 and 10), barred the title of the original owner. This statute is applicable, because a reasonable portion of the term limited remained after its passage, in which the original owner might have commenced suit. *Smith v. Packard*, 12 Wis., 371; *Howell v. Howell*, 15 id., 55. The same was not true, however, of lot seven, which is governed by the statute of 1849, and required an adverse possession of twenty years. R. S.,

1849, ch. 127, secs. 6 and 7.   That lot having been adversely possessed for the period of ten years before the statutes of 1858 took effect, the limitation of ten years was inapplicable.   *Osborn v. Jaines*, 17 Wis., 573.   But be this as it may, it is obvious that *Mecklem* has suffered no damage in consequence of the defect.   The result to him would have been the same, had *Blake's* title been indefeasible.   In no event can he recover more than nominal damages.   The conveyance by the foreclosure is the same as if he himself had voluntarily conveyed.   If he desired to rescind for want of title, and to recover back the purchase money paid and interest, he should have tendered *Blake* a re-conveyance and the possession, and then he could have maintained his action.   *Taft v. Kessel, supra.*   As it is, he has sustained no real injury, and we are not required to say whether he was entitled to nominal damages or not.   If he was, and the circuit judge erred in instructing the jury that their verdict must be for the defendant, still the judgment would not for that reason be reversed.   *Laubenheimer v. Mann*, 19 Wis., 519.

*By the Court.*—Judgment affirmed.