OPINION of the Court, by
Ch, J. Edwards..
It appears that Bibb purchased the tract of land in the bill mentioned, of Morehead, with the knowledge and assent of Prather and Smiley, who were interested in the land, and held the bonds of certain individuals for the conveyance of the same. From Bibb, Morehead, among other things, received two bonds, for the payment of two hundred and fifty pounds ¡ these bonds were by Morehead assigned to Prather and Smiley, and the amount of one of them was finally collected by said Pra-thcr and Smiley, of said Bibb. But previous thereto, Bibb had exhibited his bill in chancery, suggesting, among other things, a misrepresentation by Morehead of the boundary and quality of the land, alleging pri-vity between Morehead and Prather and Smilejq &c. and praying for relief, &c. On the hearing of the cause the inferior court decreed that the contract should be set aside, that Prather and Smiley should refund to said Bibb what they had received, and appointed commissioners to estimate the rents and profits, &c. So far there is no irregularity or error complained of by either party,
Whilst the rents and profits, as decreed to be ascertained by the court, remained unliquidated and yet depending, viz : on the 6th September 1805, a certain writing, purporting to be a contract of compromise, appears to have been executed by Morehead, in the following words : “ Whereas I stood indebted to Prather *314 and Smiley a considerable sum, for securing the pay» ment whereof, I transferred, by assignment to them, obligations given by Christ, Shepherd and Frye to me for the conveyance of between four and five hundred acres of land in Bullitt county ; which bonds were afterwards delivered up by them to Richard Bibb, sen. who gave his bonds to me for five hundred pounds, which bonds were assigned to Prather and Smiley by ine for value received : on which they brought suits, and recovered judgments ; one of which was enjoined by Bibb, and which injunction is now depending in the circuit court of Nelson. And it seems to be the wish of Bibb, and it is acceded to by Prather and Smiley, and myself, that the contract with Bibb for the sale of the land should be rescinded, upon such grounds as that court may deem equitable : in case the said contract with said Bibb shall be set aside by the decree of the court, I do hereb}', for myself, agree that, at the same time, the said court shall and may make such decree as they may judge expedient, so as to make the said land subject to the said claim of Prather and Smiley, and for th» payment of all costs which they have expended in said suits. And whereas Prather and Smiley have received from said Bibb the amount of one of the bonds, say for £. 250, with interest, &c. and if the contract with Bibb shall be set aside, they will be decreed to refund that sum to Bibb ; I do agree to pay to Bibb whatever sum Prather and Smiley may be decreed and ordered to pay him in virtue of the premises ; that if I fail to do so and they shall have the money to pay to Bibb, they may, by virtue of the decree to he made as between them and myself, expose the said land to public auction, so as to indemnify and save themselves harmless ; and in case the said Morehead should make the said payment to Bibb, then the said Prather and Smiley are not to expose the said land to sale, until the first day of March 1807, when they are at liberty to do so, provided I do not at that time pay them the debt now enjoined by Bibb, with interest and costs,” &c. Afterwards, viz •• on the 10th of November 1806, Bibb and Morehead settled all the questions relative to the rents and profits, by their written contract to the following effect, viz. that the rents and improvements on the 800 acres of land in the decree mentioned, and the rents and im« *315 the receipt provements on the land in Bullitt, mentioned in the decree of the Bairdstovvn circuit court, said Bibb vs. Pra-ther and Smiley, and said Morehead, shall be balanced one against the other ; and said Bibb give up the interest on the money, paid by said Bibb to said Prather and Smiley, and that a decree be entered up for the principal contained in the receipt filed in the suit, with a stay of execution till the second Monday in October next ensuing the date of their agreement being for between two hundred and eighty and ninety pounds : and they requested said court to enter up the decree accordingly at their next term, &c.
A decree over against M. in favor of the co-defendant P. without bill or anfwer in nature of a cross bill, is err-*ne. ou t — Murphy *vs, Owens, May 15, 1809 —• Myers v>-£aker (£? Ows-ley, Hard. 54.8. — 2 Atk. Howard vs. Hopkins p. 372,
An agreement made between M. and F. the co-defendants, pending the <uif, could not authorise such decree. Similar principle, In Lindsey vs. Af CleV.and, ants 262.
As between co-defendants there is no Us pendens to au-ihorife the court to receive in evidence and enforce fppci-iically, an agreement be» tween them.
Evidence to Ee legal, must te relevant to fome point made by the pleadings*
MiU roy vs Hensley 9 ante p. 312* — = Patton -as. Rob'xnson, ante 286 —'Iunjlall vs. M'Chllandy ante 1% 7 — Cowait Accord Pria>
attorney fir thedefen. dam had n0 Morehead by fuch decree, if fucil attorney jj’*1 a 'nle<i
The Nelson circuit, at their June term 1807, took up the cause upon consent of parties by their attornies, upon the written evidence of compromise, &c. decreed the contract (sougkt to be relieved against) to be rescinded, &c. and that Morehead should pay Bibb what Bibb had paid to Prather and Smiley ; that Bibb might collect the same by execution. And they further decreed, that Morehead should pay to Prather and Smiley the £. 250, with interest and costs, by a certain day, and that if not paid by that day, the aforesaid land in-Bullitt should be vested in commissioners, who were directed to sell the same at auction for cash, having first given three weeks notice, &c. Of this decree, both Bibb and Morehead complain, and each of them have sued out a writ of error, and have separately made assignments of error.
In the case of Bibb, the decree is evidently erroneous, in decreeing that Morehead should pay to him the sum he had paid to Prather and Smiley, and thereby exonerating the latter. Bibb having paid his money* under the circumstances, to Prather and Smiley, was entitled to a judgment against them. It was a right which the court could not deprive him of without his consent. It has been contended, that the record does not shew that Morehead was not good for the sum, and therefore that Bibb was sufficiently certain of getting his money : but this view of the case, if true, cannot justify the court, in compelling him to relinquish his actual debtor, for another of their’ own selection, and it is the more insupportable because it constrains him to relinquish an additional security, to which he was entitled 5 had the decree been against Prather and *316 Smiley, if they had proved insolvent, he would havehad-his recourse to Morehead ; but as it now stands, if Morehead should prove insolvent, he has none to Pra-ther and Smiley ; for by accepting the decree, he must abandon all recourse against them.
The decree is erroneous in not reserving the land for the ultimate security of Bibb, or making some provision equivalent thereto ; for it is an undeniable principle of equity, that where one has paid his money for land, in the sale of which such a fraud has been committed upon him as to rendey it necessary to have thq contract rescinded, he shall nevertheless hold the land subject to the reimbursement of the money he has laid out. And it cannot be pretended, that there is any thing in the agreements of compromise, from which it could be inferred that Bibb had consented.to the decree ; the first agreement of compromise, seems to be wholly and exclusively between Morehead and Prather and Smiley, and that in fact conclusively evinces that it was the expectation of the parties, that the decree for Bibb should have been against Prather and Smiley. In the second agreement of compromise, Morehead and Bibb are the only parties ; from this, there is no reasonable ground to infer a relinquishment of his right against Prather and Smiley, by Bibb ; nor does any thing else seem to have been within the contemplation of the parties, other than the adjustment of the rents, profits and improvements, which were without this agreement to have been ascertained by commissioners appointed for that purpose.
The assignment that the decree does not perpetuate the injunction, does not appear to us to be supported by the record.
The decree against Morehead is erroneous : he was never in court at the suit of Prather and Smiley, nor had the pleadings in this case assumed such a shape, that under them he could introduce any equitable de-fence, that he might have against them ; if he had testimony that would have completely exonerated him from all responsibility to them, yet he could not have introduced it, for there was no point in the pleadings that could hare justified its introduction ; since evidence, to be legal, and to merit the attention of a court, must be relevant and illustrative of some point made by the pleadings»
*317 These considerations must unquestionably demon-strata the incorrectness, of the position that was assumed in argument, viz t, that if an obligor of a bond, entitled himself to relief against a judgment in favor of an assignee against him on account of some fraud growing out of the original agreement, that the assignee would thereby consequently, without any cross bill, or a bill in- the nature of a cross bill, be entitled to a decree over against the assignor. The assignor might have committed a fraud in obtaining the bond from the obligor ; so might the assignee, in obtaining it from the assignor ; as by passing to him au unsound horse cr negro, imposing property on him to which he had no right 3 or in other words, the considerations might have failed, To settle such disputes between assignor and assignee, might be as important as to settle those between the assignor and the original obligor ; and if so, the same or equal solemnities would be requisite ; the same necessity would exist for specific allegation in the one case as in the other ; and the opportunity of procuring testimony and litigating the points in controversy, should be equally allowed, otherwise a man might be concluded by an instrument of writing, purporting to be his deed, without an opportunity of defending himself against it, which would be contrary to the eternal principles of justice, and the fundamental principles of our system of jurisprudence. Byway of testing the principle still further, let us suppose in this very case, the debt due from Morehead to Prather and Smiley, to have been in Consideration of the purchase of the same land from them which he sold to Bibb; that the same representations were by them made to him with regard to the land when he made the purchase, that he afterwards made to Bibb, when he made the sale, and that the bonds he assigned to them, were in discharge of the debt which accrued by virtue of his purchase of them. The cases being precisely parallel, it follows as an irresistible conclusion, that the same relief that Bibb would be entitled to against him, he would be entitled to against them ; and that he might either, according to the nature of the circumstances (as complainant) exhibit a bid for relief against them, or oppose (as a defendant) his equity against any claim they might set up against him for the purchase ftioney, or any demand by virtue of the assignment of *318 the bonds. And yet, according to the principle con<= tended for, while redress would be administered in the one case, with that caution and circumspection, and that regard for justice, which characterises a wise and equitable administration of law, guarding and protecting, among other sacred rights, those of property ; in the other case, the sentence is like the fiat of a tyrant, neither deigning to ask the complaining party to exhibit. any statement of his case, nor permitting the party complained of, to shew that in equity he is responsible for nothing ; in other words, granting what is asked; without, hearing either side.
In this case, Morehead, if disposed to plead non est factum to the contract of compromise with Prather and Smiley, could not do so, because it never had been alleged or set up against him. He cannot be considered as having admitted any thing by implication, because till charged he was neither bound to admit or deny. He could not be considered as bound to set up any equity in opposition to them, because he had never been charged by them as answerable for any thing. He could not be put upon his defence till he was attacked, and he could not be attacked in this case but by legal process and due course of proceeding, according to established precedents. To justify the decree against Morehead' in favor of Prather and Smiley, it was incumbent ott them to have filed their bill against him ; and while reason points this out as the only proper course, authorities are not wanting to support it as such. The rule is, that where there are two or more co-defendants, Saving interests adverse to each other, be they of what description they may; for any one thus situated, to have relief against his co-defendant, he must file his bill; or that the court, seeing that complete justice cannot be done in the whole case, may sometimes direct a bill to be filed for the purpose of settling the whole matter of controversy : and this seems to be particularly necessary ; for two defendants, not wishing immediately to enter into a controversy with each other, might unite cheerfully in-making their defence against the complainant; as, for example, in the case supposed, viz. that Morehead had' bought the land of Prather and Smiley under the same circumstances that attended his sale to Ribb, they would-be mutually interested in defending themselves against- *319 Bibb, and yet reluctant to enter into the controversy between themselves ; for if they could succeed against the complainant, it might put an end to any controversy between them ; and by prematurely bringing their own case before the court, and preparing it for adjudication, they would probably be thereby furnishing to their common adversary the means of more effectually or certainly succeeding against themselves, by making him acquainted with testimony which he otherwise might not be able to procure. These circumstances are only suggested to shew that sometimes prudential considerations might induce the co-defendants to delay any controversy between themselves ; that it is not necessarily to be considered as a matter of course, and that therefore a co-defendant, against whom relief is asked, ought to have legal notice of it, in order that he might prepare for his defence.
But it is contended that the agreement of compromise contains Morehead’s consent that the decree now complained of should be given, and that his attorney consented thereto, being fully authorised to do so. Whether the instrument of writing, if it could be admitted to be genuine by the attorney, justifies the decree that was pronounced, it is not material to enquire into, because we are clearly of opinion he had no right to make any such admission, as Morehead was not in court at the suit of Prather and Smiley. The case of Lindsey and securities vs. M'Clelland (a), and the reasons assigned in a part of that opinion apply in this case. It has also been decided that where a writ has issued against two defendants, but served on one only, that the one on whom it is not served is not bound, though an. attorney specially appear for him, and have bail given for him ; and why is this ? because the party never having been before the court cannot, according to the policy of our law, have any attorney there whose act can bind him, though it was done with his consent, unless that consent was accompanied with his personal appearance in court. So in this case we have decided that Morehead was not in court at the suit of Prather and Smiley, and therefore could have no attorney whose act was sufficient to bind him.-Becree reversed.

 Ann 263.