Chief Justice Robertson,
delivered the opinion of the court.
This is a decree for rents rendered, in consequence of the mandate of this court, in the case between the same parties and others, reported in IY Monroe, 561.
On the return of the cause to the circuit court, .a commissioner appointed to ascertain the profits from the time when White took possession of the house, until it was restored to Caldwell’s heirs, reported, that without allowing credit for accidental dilapidations which had impaired the value of the house, its annual use ■was worth $60; and that, therefore, the profits amount *208 ed, according to that hypothesis, to $881 33-cents principal, and $362 32 cents interest.
Where venidoe rescinds the contract, he shall account for the ■rents from the Hate of his purchase.
He also reported, at the request of White, that White had not occupied the house, or received any rent for it since October, 1822, when ithad been abandoned by Sebree, who bad bought it from White; and. also reported, that in 1818 or 19, during Sebree’s occupancy of the house, the roof was broken by the falling on it of the gavel end of an adjoining house, and that the reparation would have cost about $60, or ■one year’s rent; that Sebree raised the house higher than it had been, and made a small addition to it; that a chimney attached to that addition fell on the roof afterwards and made a breach which, unless it had been repaired, reduced the value of the annual use of the house to $24; and that White had recovered from ‘Sebree $60 a year for rent, until October, 1822, without any deduction for repairs or improvements made by Sebree.
The circuit court, by its final decree, charged White with $¡60 a year, until October, 1822; and with only $24 a year from that time, and credited him with $60, or one year’s rent, for the injury sustained by the breach in the roof, &c.
This decree cannot be entirely approved. In equity, White is chargeable with the actual profits; therefore, as he received from Sebree $60 a year from 1817, until October, 1822, he should account to Caldwell’s heirs for the same amount. And for the use by himself before 1817,1 e :s justly chargeable with ‡60 a year, bécause the house was reasonably worth that much, according to the proof. The actual profits of a dwelling house must necessarily be deemed equivalent to the estimated value of its use, when it has not been shown that a less amount was received.
As White received from Sebree $60 a year, without any deduction for repairs or improvements, made by Sebree; therefore, Caldwell’s heirs are not equitably responsible for such repairs or improvements.
But the circuit court erred in reducing the rent since 1822, to $24 a year. The proper criterion for fixing the amount of profits from October, 1822, until October, 1827, is the price for which the property *209 would have rented for that term. If the house had been destroyed by accident, White would not be chargeable with any rent for it, from the time of its destruction. He did' not stand to his vendor in the relation of an ordinary tenant, who, unless exempted by the terms of his contract, would be liable for the entire stipulated rent, even though the house had been consumed. White is responsible only for the actual value of the use. No reason for n-ot occupying or renting out the house since October, 1822, has been shown or suggested. White should, therefore, account for -whatever was the value of the use, or in oilier words, whatever the property would have rented for, from October, 1822.
Mills and Brown, for plaintiffs; Crittenden, for defendants.
A person desiring to-rent it for five years, would have given §60 a year, deducting the cost of the necessary reparation. If the cost of making the repairs would have been §60, then the rent fot1 five years should be estimated at §240, instead of §300, which would have been the aggregate value if no injury had been done the house. Whatever the ientis ascertained to be worth, annually, for the five years, if the repairs had been promptly made, is the proper criterion of responsibility.
As the circuit court allowed a credit for the $>G0, it ought to have charged White with §60 a year, instead of §24, because if he had expended the §60 in_ repairs, the house would have been worth §60 a year.
It was right to withhold interest. ’The chancellor should not, except for reasons which do not exist in this case, allow interest on the profits of real estate. If the repairs would have cost §60; §821 33 cents was the proper sum to be decreed.
But for the error which has been noticed, the decree is reversed, and the cause remanded for proceedings, and decree consistent with this opinion.