Chief Justice Robertson
delivered the Opinion of-the Court.'
For the consideration of six hundred dollars, Lowry sold an improvetl tract of land to Cox, and put him into the possession ; which was retained by himself and his tenants under his executor, after bis death, for about ten years; when the executor brought an action for. damages, on Lowry s 'covenant tor a conveyance oí the legal title, and abandoned the possession. The executor having a judgment, in action, niné hundred and fifty dollars — the principal sum which had been paid by his testator, Cox, and legal interest thereon from the date of the contract, Lowry filéd a hill in chancery for a specific execution, or for a set off of rents and profits and waste.
On the final hearing, the circuit court decreed a set off for forty eight dollars ; and Lowry has appealed.
There is no proof that Lowry bad been guilty of fraud or bad raith ; and the record exhibits nothing peculiar to distinguish this from the ordinary case of. occupancy by the vendee, and inability by the vendor, without any unusual advantage to the one, or loss to the *470 other. But there can be no decree now for specific execution.
It is a case, therefore, in which, according to the princi'ples of equity recognized by this court, the use of the j j S|10U](| i,e set 0ff against the judgment for interest, for the period during which the land was occiqied under the contract, and in which the vender has an equitable right, also, to a set off for any waste which shall have been committed during that occupancy, and should be charged with the value of all lasting and valuable improvements which shall have been put on the land by the vendee, or by any person holding under him, to be estimated, as ameliorations, according to their value at the time when the possession was rightfully abandoned, as it should be deemed to have been after the executor, by suing for damages, elected to rescind the conti ait. Such, according to the facts exhibited by the record, is the true measure of justice between the parties, and that which will reinstate them, as far as such an equitable ob~ ject can be effected by the application of general principles of equity.
As the executor had a right to abandon the land when-he had sued for damages and for a virtual rescission of the contract, no damage which may have accidentally occurred to the property since, or in consequence of his dereliction, should be charged to his account. Nor is he liable for mere deterioration, the natuial consequence of ordinary use and of time.
Wherefore, as the appellant seems to he entitled to a set-off to a greater extent than that allowed by the circuit judge, the decree must be reversed, and the cause remanded, with instructions to ascertain the waste, if any, and the value of the improvements at the time when the executor abandoned the land, and, after deducting such value, so far as it shall exceed the amount of damage by waste, from the aggregate amount of the legal interest on the consideration during the occupancy of the land by and under Cox, to perpetuate the injunction, for the residue of that interest, and to dissolve it as to the remainder of the judgment, with ten per cent, damages.