Judge Ewing
delivered the opinion of the Court.
This case was formerly before this Court, and the decision then given, as also its history, will be found reported in 1 Natía, 157.
Upon the return of the Gause, to the Circuit Court, Wilson filed an amended bill, making Henry Williams’ heirs and administrators defendants, and also Letcher; .and alleging that he had purchased the land in contest and the claim on Henry Williams for a title, from Letch-er, and by the terms of the contract was substituted in, his place in the contract with Williams. Tobin was afterwards, by petition, (alleging that he had purchased all the interest and claim of Wilson in said contract,) made, a defendant, and filed his answer, making it a cross bill against Wilson, Letcher, Walter Williams and Henry Williams5 heirs and administrators, and set up the same, matters set up by Wilson, namely, a prayer for a specific execution of the contract, if a good title could be had, or a rescission thereof if it could not. And that whatever decree Wilson might be entitled to should be rendered in his favor.
The Court rescinded the contract, and decreed that Henry Williams’ administrators and heirs should pay to. Tobin one thousand one hundred and ninety-seven dollars—it being the aggregate of principal and interest of the consideration paid, after deducting the sum of three hundred and twenty dollars, the excess of rents and profits over the improvements, and Henry Williams’ administrators and heirs &c. have appealed to this Court.
The claim of title exhibited by Williams’ heirs, with *508 the state of proof now existing in the record, is clearly defective. The land in contest seems to be a part of a thousand acre tract patented to Ileed, and conveyed to seven persons, all then named Allen, the heirs of Robert Allen, deceased, and conveyed by five persons only, four of whom bearing different names from that of Allen, an4 their husbands, to Best. There is no evidence in the relsord, explaining why the too Aeirs not named in the deed, have not joined in the conveyance to Best; nor whether the four wives, bearing different names, are the same persons to whom the conveyance was made by Reed.
The clerk’s ccrtmcate ÓT an ftcknowledgmeut on a deed not lódged for record within the time prescnbdd > bydence 'bf its due execution."
Rescission of the sale %'the dei§cis in. tile ciiiiin o,f title' (supra) approved. • accofdhig late-decisions,is, that fbrthesahsofimproved land, of chaser has 'liad the possession, is. rescinde'd, the'1 use of the land, and interest onney, shall _ be fea”—-constUuting set-offs, the othe^Buftheíe are many cases where this rule would not be equitable, therefore, would not be applied; e. g. where the sale wasofwn/dland; where much of the tract was unimproved, and especially where the purchase was not made with a yiew of deriving profit from the use of the land. In such cases, theinterest would he decreed to the purchaser with, and upon, the purchase money, deducting the value (if any thing) of the use of the land — provided money was paid, and he was not chargeable with improper delay in requiring the legal title, or a rescission.
*508 The deed from Owsléy to Williams’ heirs, was ac- . _ . i t • a knowiedged m Jd ebruary* 1824, and recorded m beptemher, 1827, and there is no' evidence that it was lodged for 7 7 . , • ■ • - - . record m due time, nor is there any proof of its executjori 0ther than the authentication of the clerk, in whose office it was admitted to record.
ft js wep established that the authentication of the clerk to a deed lodged for record after the time limited by the.statutes, is no evidence of its execution; and that a deed thus placed upon, the record without other proof of its execution, is an insuperable objection to the chain of title. 6 Monroe's Rep. 286, Hayne's Representatives vs. Campbell; 5 Monroe's Reps. 151.
Waiving other objections, the foregoing are sufficient ¡n tj)e present state of the record, to justify that portion ■ ... .... * ’ of the decree which rescinds the contract.
Rut jn tj,e settlement of the accounts between the parties, of' consideration and interest on the one side, and rents and profits on the other, there is more room to doubt the equitable validity of the decree.
On the part of Williams’ heirs it is contended, that the use and profits of the land sold, should be regarded as an eqUitable equivalent to the interest upon the consider- . 1 • 1 , . ation, and the one should be extinguished by the other,
Ón the part of Tohin, it is contended, that this mode of settlement, is an exotic of the courts ot JNew York, appbcable to thé 'improved condition of that state, but wholly inapplicable to the unimproved condition of ICentucky. And that the modern decisions of this Court, applying the’principle, áre innovations upon the ancient *509 ■well established principles of this Court, allowing to vendees the recovery of the consideration paid, with interest thereon.
Tfcei'e never has. been any umversai rule for ad“nt/a™ gainst interest, »pon the rescission of a sale of land. As cases vary, the equity of allowing rents and inter, est, must vary,—the object, in every case, being to place the parties as near as possible i(i statu quo.
The modern decisions, as we conceive, have not changed the ancient rule in relation to allowing interest. Interest is still allowed. But in the case of Cogwell's Heirs vs. Lyon, 3 J. J. Marshall, 41; Morton’s Heirs vs. Ridgeway &c. Ib, 258; 1 Dana, 423, Taylor vs. Porter; 2 Dana, 375, and other cases in which the principle has been touched, the Court has gone upon the principle that the value of improved land and the consideration paid for it, are equivalents, estimated by the parties, and that the use use of one generally is equivalent to the use qf the other,. They have in those cases adopted the rule, not to disallow interest, but to set off and extinguish the interest by the issues and profits growing out of the use of the land.
It was an equitable rule in the opinion of the Court, applicable to those cases, and many others that might occur, which might not be proper to apply to every case, as a universal rule, where the circumstances were different, nor. was so intended, as we presume, by the Court.
When there is no improvement on the land, there is no issues or profits to apply to the extinguishment of the interest, and the rule has no application.. And where there is only a very small tenement, the use and occupation of which vyoqld fall greatly below the value of the interest or use of the money, and especially when the purchase was not made with a view to the profit to be de-. rived from its use and occupation, and the consideration paid was in money, and the vendee is chargable with no supineness or laches in urging the consummation of his title, the Court might refuse to apply the rule. And there might be many other cases in which the Court would refuse to apply it.
The settlement of rents and profits, and consideration , . , . , , ., 7 and interest, between vendor and vendee, m equity, has ever been a perplexing subject with our predecessors; *510 and no universal rule applicable to all pases, could be adopted. In som'e cases rents were not allowed against the vendee, until the contract was disaffirmed, and judgment recovered for the consideration. In others, they were allowed from the time hp took possession under the purchase; and other rules were adopted in other cases, according to the peculiar character of each case; and latterly, this Court has applied, to a class of cases, the rule in equity, to extinguish the rents by the interest, or off-set one against the other.
Circumstances hejd sufficient to justify the application of the general rule requiring rents and ineresttobedeem-
■I equivalents— tho’ the interest, in fact, greatly exceeds therents.
The leading principle sought after in all the cases, is, to place the parties, upon the dissolution of a contract, as nearly as may bo, in statu quo.
It is difficult ip find any universal rule applicable to all pases, that will attain this object. And to attain it, it may be necessary in sorqe cases besides those alluded to, to vary from the rule adopted by the Court, in the modern decisions, before referred to, and to apply other rules more equitable, and more appropriate to their peculiar circumstances.
But in the case before the Court, we see no just ground to vary from the rule, though the rents and profits fall below the interest upon the .consideration:—
First—because the consideration was paid part in trade, (brick and brick work,) and a jury would be justified, and probably would, withhold interest altogether, if the matter was submitted to them; and even a covenant to pay in such trade would not necessarily bear interest, And when, by the dissolution of the contract, it is converted into cash, and can alone be returned in cash, this Court should not feel impelled to allow an excess of interest over the rents’.
Secondly—the yendee has, laid by until the land has fallen in value, as. appear^ from, Wilson’s purchase from Letcher, without inquiry into, or objection to, the title, until the interest has accumulated upon infant heirs, who, pt least, or their ancestor, has been guilty of no intentional default,
And, thirdly—though there is, from the record, an apparent defect of title, yet from the long, uninterrupted occupancy of the land, under Williams’ title, there is *511 Strong grounds to suspect, that it is more owing to the want of a proper preparation of the defence, than to any intrinsic defect in the title*
Partoftbeconsid unpaid^the'purchaser shall account for the same proportion of the total value of the rents, that the unpaid part bears to the •whole consideration.
■ The Circuit Court, therefore, erred in allowing to To-bin an excess of interest over the rents.
But, as a part of the consideration was not paid, a sum should also be deducted from the consideration recovered, for the interest upon the sum unpaid, ratably, ... , . , , . r , , , r . . with that wmich the interest on the whole consideration bears to the whole rents: that is, a calculation should be made as follows. If the interest upon the whole consideration produces the whole rents, what will the interest upon the sum unpaid produce; and the amount produced be deducted from the consideration recovered by the vendee.
It is, therefore, the opinion of the Court, that the decree of the Circuit Court be reversed, and the cause remanded, that a decree may be rendered conformably to this opinion.