M. I. SCHULTZ, as Receiver, etc., *Appellant*, vs. W. L. FREE-
LAND, et al. *Appellees.*
145 So. 257.
Division B.
Opinion filed November 21, 1932.
Petition for rehearing denied January 11, 1933.

*Henry K. Gibson* and *Shutts & Bowen*, for Appellant;
*Stapp, Gourley, Vining & Ward*, for Appellees.

PER CURIAM.—Appellees contracted to purchase real es-
tate from the appellant corporation, the vendees paying
a part of the purchase price and taking possession. Sub-
sequently the vendees notified the vendor of the rescis-
sion of the contract by the vendees who remained in
possession.

The vendor brought an action of ejectment to recover

possession of the property, thereby acquiescing in the rescission of the contract. Appellees brought this suit seeking to have the prosecution of the action of ejectment enjoined, to have decreed and enforced a vendee's lien for the portion of the purchase money paid and to have the contract cancelled. An interlocutory order enjoined the prosecution of the action of ejectment.

This appeal is from the final decree and from an order denying a motion to vacate the final decree and decree pro confesso entered in the cause. The decree adjudged to the complainants a recovery of the part payment made to the vendors with interest thereon and also amounts expended by vendees in improving the property, without any allowance against the vendees for their occupancy of the premises after their rescission of the contract to purchase.

A purported answer, counterclaim and demurrer was filed February 3, 1930, signed "American Building Corporation (scroll seal) by Marion I. Schultz, Agent." Such agent attached an affidavit "that he is Resident Agent of AMERICAN BUILDING CORPORATION, the defendant named in the foregoing Answer, and in charge of the business and operation of said defendant corporation in the State of Florida; that each and all of the officers of said corporation are absent from the State of Florida; that as such Agent affiant has authority to and does make this affidavit for and on behalf of said defendant corporation."

On motion, the court held the purported answer, counterclaim and demurrer to be "mere nullities" and the court rendered a decree *pro confesso* against the defendant corporation.

An answer under oath was expressly waived by the bill of complaint; but the answer of a corporation should be under seal of the corporation, and there is nothing in

the signature to the answer to show that the "scroll seal" opposite the name of the corporation is the seal of the corporation; therefore the answer was not properly authenticated as the answer of the corporation. There being no authenticated answer on file, the court properly entered a decree *pro confesso* upon the motion of the complainants. No error is shown in the order denying the motion to vacate the decree.

Upon consideration it appears that no substantial error is shown in the final decree, except that the vendor should be allowed a proper credit for use and occupation of the premises by the vendees from the rescission of the contract by the vendees and the acquiescence in such rescission by the vendor in bringing an action of ejectment against the vendees who remained in possession.

The decree is reversed for further proceedings not inconsistent with this decision.

It is so ordered.

BUFORD, C.J., AND WHITFIELD, TERRELL AND DAVIS, J.J., concur.

---

ON PETITION FOR REHEARING.

PER CURIAM.—Upon petition for a rehearing it is contended that the Court in its opinion of November 21, 1932, failed to consider and pass upon, the assignments of error to the effect that the Court erred in granting its order of December 7, 1929, temporarily enjoining the further prosecution of the ejectment action or other possessory actions against the appellees, and that the final decree was erroneous in making said injunction permanent, and in granting a mandatory injunction requiring the dismissal of the ejectment action.

The vendors should not have been unconditionally and permanently enjoined from prosecuting their action in ejectment or other possessory actions designed to re-

acquire possession of the property after the time vendees had rescinded their agreement to purchase. But their right to do so should have been conditioned upon the vendors doing equity toward the vendee with reference to the matters involved in the suit as determined by the final decree. The *temporary* injunction was not erroneous since it was granted to hold the situation of the parties in *statu quo pending* the determination of the equities.

The vendees should by the final decree be required to yield to the vendors a proper accounting and compensation for their use and occupation of the property after the date the rescission became an' accomplished fact. This was held in our original decision and is adhered to on this application for rehearing. And upon equitable considerations, interest on the first payment made by the complainants on the purchase price of the property should not be allowed to the complainants during the period they had the beneficial use and occupation of the premises.

The counterclaim filed with the answer and demurrer was made a part of the same document that embraced the purported answer and demurrer. When the execution of that document fell, through insufficient verification, it fell as a whole, and must be regarded as eliminated from the record as a whole.

The decree is reversed for further proceedings not inconsistent with the opinion of this Court filed November 21, 1932, and this opinion, and a rehearing denied.

DAVIS, C.J., AND WHITFIELD, TERRELL AND BUFORD, J.J., concur.