CHARLES W. HUFF *et al. vs.* ALBERT H. KNIGHT.

JUNE 26, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J.   This is an action in assumpsit which was tried before a justice of the Superior Court without a jury. The decision was for the plaintiffs for the full amount claimed, with interest from the date of the writ, and the case is here on the defendant's exceptions to the decision and to the exclusion of evidence.

On July 3, 1922, the plaintiffs entered into a written contract with the defendant wherein it was agreed that the plaintiffs were to buy and defendant to sell a certain tract of land with buildings thereon for $4,500, $600 to be paid on the signing of the contract and the balance either in monthly installments of $25, or the sum of $300 a year.

Plaintiffs were given immediate possession of the premises and agreed to pay taxes, insurance and interest at the rate of 6% per annum on the unpaid balances.   The agreement contains the following provisions: (1) "The party of the first part agrees to convey unto the parties of the second part the above described premises by a good and sufficient deed

immediately upon the final payment of installments or any time previous to said time when the whole of said purchase price of $4,500 shall have been paid by the parties of the second part to the party of the first part" and (2) "The failure upon the part of the parties of the second part to perform any or all of the above agreements shall work a forfeiture of any and all previous payments made under this agreement and shall relieve the party of the first part from all obligations under this agreement."

Two days after the date of said contract, that is, July 5, 1922, defendant mortgaged the said property for $1,575 and on February 24, 1923, he placed another mortgage on the property for $2,700. Both of these mortgages were recorded.

Defendant testified that the plaintiffs were informed of these mortgages, but this they deny and say they had no knowledge of them until foreclosure proceedings were commenced.

The trial justice apparently based his decision on the ground that the defendant had been guilty of fraud in placing these mortgages on the property after he had entered into a contract to sell the same to the plaintiffs. The record does not disclose circumstances which indicated any intent on the part of the defendant to defraud. He apparently assumed that he had the right to mortgage the premises notwithstanding his agreement with the plaintiffs.

The defendant contends that, as the plaintiffs were in default in the performance of their obligations under the contract, all payments made by them were forfeited under the express terms of the agreement. We need not consider whether the defendant has taken the necessary steps to enforce the forfeiture clause of the agreement or has waived the same, for the reason that the defendant himself was in default anterior to any default of the plaintiffs, when he mortgaged the premises which he had agreed to convey to them. Plaintiffs then had the right to rescind the contract and demand repayment of what they had paid. The default of the defendant was the violation of an implied

covenant to have the land ready to be conveyed free from incumbrances when the payments should be completed. The plaintiffs had the right to anticipate the annual payments provided for in the contract and to pay the whole amount due at any time and receive a deed of the property. In mortgaging the same the defendant imperiled this right. *Fort Payne Coal & Iron Co.* v. *Webster*, 163 Mass. 134. Plaintiffs could, of course, have waived the breach of this implied covenant, but on the record before us we cannot say that the payments made after the mortgages were placed on the property constituted a waiver, as plaintiffs disclaimed all knowledge of the existence of these mortgages.

But the plaintiffs cannot recover all that they have paid and receive in addition free use of the property for about nine and one half years. As against their claim the defendant is entitled to recoupment by way of the allowance of a reasonable rental of the premises during that period.

The defendant offered to prove by an expert the reasonable rental value of said premises but this evidence was excluded on the ground that the defendant should have filed a plea in set-off. This ruling was erroneous. The plaintiffs did not declare on the contract but on the common counts. The contract was offered in evidence by the plaintiffs as an essential part of their case but it cannot be confined to that purpose. The contract in all its bearings on the rights of the parties, once it is admitted in evidence, will be taken into consideration. An examination of the contract shows that plaintiffs' and defendant's claims arose out of the same transaction; the defendant was therefore entitled to offer evidence by way of recoupment. "It is sufficient that the counter-claims arise out of the same subject-matter, and that they are susceptible of adjustment in one action." *McPhillips* v. *Durkin*, 41 R. I. 295.

The defendant's exceptions are sustained and the case is remitted to the Superior Court for a new trial.

*Justin P. McCarthy*, for plaintiffs.

*James O. McManus, Joseph W. Grimes, Herbert E. Eklund,* for defendant.