## Schenk's Committee v. Riedling.

May 7, 1943.

Al. M. Marret for appellant.

Allen Schmitt for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

R. D. Riedling sued Robert Schenk to collect a note and enforce a mortgage on property in Louisville. The defendant's committee was later made a defendant. The committee alleged that the mortgage had been given on property conveyed to her ward by Riedling when he was mentally incompetent to enter into a contract, which fact was known to the vendor, and sought cancellation of the deed, as well as the note and mortgage. The counterclaim effectually but not specifically asked for an accounting and prayed for all general, equitable and proper relief.

The court found as a fact that when the contract of purchase and sale was made, Schenk did not have contractual capacity and that his condition was apparent to any one of ordinary prudence. He had been feeble-minded from birth and had such a defect in speech that it was almost impossible to make himself understood. Knowledge of his condition was imputed to Riedling through an agent who negotiated and handled the transaction. A cancellation of the deed, note and mortgage was adjudged. There is no appeal from this part of the judgment. But the court declined to render any judgment in favor of Schenk's Committee by way of an accounting, being "of the opinion that the rents collected by Schenk just about offset the purchase money paid by him." The committee appeals from this part of the judgment. The response is, in effect, that the commit-

tee's pleading and proof were not sufficient to authorize a judgment in her favor for an accounting.

We are of opinion that the pleadings are sufficient. Strictness as to specification is not required in pleadings for an accounting. Meyers v. Brown-Forman Distillery Co., 289 Ky. 185, 158 S. W. (2d) 407.

In a suit by a vendee for rescission of an executed conveyance, the general principle that the parties should be restored as nearly as practicable to the original status and that the equities should be adjusted obviously applies the same as where the cancellation is obtained by or for a vendor. This ordinarily, but not always, embraces on the one part the reconveyance of the land and an accounting for rents or its use and occupation and for any waste committed by the purchaser, with interest on the several items. On the other side the purchaser is entitled to a recovery of the consideration paid and the cancellation of the unpaid purchase-money notes or to judgment for their value if they are in the hands of innocent holders, reimbursement for any taxes paid and improvements put upon the land to the extent they have increased its vendible value and interest on these various sums. To the extent that the recovery allowed the purchaser exceeds what he must account for there is a lien upon the land. Richardson v. McKinson, 16 Ky. 320, Littell's Selected Cases 320; 12 Am. Dec. 308; Bibb v. Prather, 4 Ky. 313, 1 Bibb 313; Caldwell's Heirs v. White, 28 Ky. 207, 5 J. J. Marsh. 207; Lowry v. Cox Ex'rs, 32 Ky. 469, 2 Dana 469; Williams' Heirs v. Wilson, 34 Ky. 507, 4 Dana 507; Gayle v. Troutman, 103 S. W. 342, 31 K. L. R. 718; Ison v. Sanders, 163 Ky. 605, 174 S. W. 505; Cf. Duncan v. Duncan, 259 Ky. 844, 83 S. W. (2d) 485. Sometimes neither interest on the purchase money paid nor rent for the use of the land is recoverable, each being permitted to offset the other (Lainhart v. Gabbard, 89 S. W. 10, 28 K. L. R. 105), but this would seem to be where the amount paid was the full cost or the real value of the property. We do not think such an adjustment is applicable in this case where less than one-fourth of the purchase price was paid.

The concessions of the pleadings of both parties and the uncontradicted evidence establish the following state of facts: Riedling conveyed the property to Schenk January 3, 1938, in consideration of $4,600 (apparently ex-

cessive), consisting of a cash payment of $800, the assumption of a mortgage to a building and loan association of $1,867.83 and the execution of a note for $1,932.17, secured by a second mortgage. On February 23, 1938, there was a re-financing and Schenk executed a mortgage to another building and loan association for $2,300, the proceeds of which were used to satisfy the lien to the other association, to pay Riedling $300 and a tax bill of $68.23. A new note and mortgage for $1,632.18, bearing 5% interest, were given Riedling. This is that sued on. Riedling's petition shows interest was paid to February 23, 1940. The evidence of the committee is that the weekly payments to the building and loan associations had been promptly met, but the sums are not disclosed. Taxes, insurance premiums and water bills paid during 1938 are shown to have amounted to $281.29. Such disbursements for other years are not proven. It is shown that Schenk and his committee received $35 a month rent throughout the entire period. A computation of these various items of disbursement and receipts should be made and judgment rendered the committee for the difference with a lien on the property to secure its payment.

Judgment reversed.