Albert J. Passent and Gladys C. Passent, Appellants, v. Peter Vredenburgh Lumber Company, Inc., Appellees.

Gen. No. 9,453.

Heard in this court at the February term, 1945. Opinion filed February 28, 1945. Released for publication March 27, 1945.

HOMER D. McLAREN, of Springfield, for appellants.

BARBER & BARBER, of Springfield, for appellee.

MR. PRESIDING JUSTICE DADY delivered the opinion of the court.

This is a suit in chancery brought by the plaintiffs appellants, who are husband and wife, against the defendants appellees.

The proofs were heard by the chancellor. The record contains no transcript of the trial proceedings.

Inasmuch as the evidence was not preserved and no question of the sufficiency of the pleadings is involved, we believe a brief statement of the material facts, as found by the decree, is sufficient to present the issues we are required to pass upon.

In July 1941, the appellants, Albert J. Passent and Gladys C. Passent, purchased from appellee, Peter Vredenburgh Lumber Company, hereinafter referred to as "Lumber Company," at the price of $5,100, a dwelling house and its appurtenances, which house had theretofore been constructed by the Lumber Company. At the time of such purchase and at the time of the consummation thereof appellants and the Lumber Company believed such house was located on a Lot 429, but as a matter of fact the house was located on a Lot 426.

At all of the times in question Lot 426 was and is owned by the appellee Easley, who had no knowledge or notice of the construction of the house until after the filing of the complaint.

At the time of such purchase the appellee Wanless held the record title to Lot 429. In attempting to comply with the contract of purchase the Lumber Company, in good faith, caused Wanless to convey Lot 429 to the appellants.

In consummating the purchase the appellants mortgaged Lot 429 to an insurance company to secure their note for $4,500, and executed and delivered to the Lumber Company a note for $180 as part of the purchase price.

About August 1, 1941, the appellants went into possession of the house and personally occupied it until July 1, 1943. From July 1, 1943, to October 1, 1943, the appellants rented such house and received $50 per month rental. After October 1, 1943, the house was

unoccupied. The fair rental value of the house from August 1, 1941, to October 1, 1943, was $50 per month.

The appellants paid the Lumber Company $547.47 on account of the purchase price, expended $155.85 for shrubbery, grading and other improvements, and paid to the insurance company $660 to apply on the mortgage indebtedness. They received $1,300 in rentals and rental value of and from the premises, and on August 12, 1943, received a refund from the insurance company of $52.80.

The actual payments and disbursements by appellants on account of the premises, improvements and mortgage, with interest at 5 per cent per annum, exceeded the rents, rental value and such refund by the sum of $52.87 as of October 1, 1943.

On August 11, 1943, the appellants commenced this suit. The prayer of the complaint was that the Lumber Company and the insurance company pay to the clerk of the court the moneys received by them, plus interest at 5 per cent, the same to be distributed according to the order of the court; that the Lumber Company and the insurance company receive from said moneys any amount which should in law and equity be paid to them as rent, interest, or in a principal sum as the court should determine equitable, and that the appellants receive such amount as the court should deem equitable and just. The prayer for relief further stated that the appellants agreed that they should surrender all interest in and possession to Lot 429.

After the commencement of this suit the Lumber Company purchased such mortgage and the note thereby secured.

The appellee Easley, by his answer, disclaimed any interest in the house, but averred that such house and all rents and claims for rent thereof belonged to the Lumber Company.

The decree, entered December 4, 1943, ordered that the Lumber Company pay to the clerk of the court, for

the use of the appellants, $52.87, with interest at 5 per cent per annum from October 1, 1943, and cancel and surrender to the clerk, for the use of the appellants, the $180 note and said mortgage and the note thereby secured. The decree then found that the Lumber Company had complied with such decree. The decree then ordered that the appellants convey Lot 429 and surrender the possession thereof to the Lumber Company by quitclaim deed within 10 days.

██ ██ the first contention of appellants is that the trial court erred in allowing the Lumber Company a credit or off set for the rental value of the premises while actually occupied by the appellants, and for the rents received by the appellants from such premises. It is our opinion that the appellants were properly required to account and make allowance for such rents and rental value. (See *Frazer v. Board of Supervisors of Peoria County,* 74 Ill. 282; *Underwood v. West,* 52 Ill. 397.)

██ The next contention of appellants is that the trial court erred in not holding that appellants were entitled to the "enhanced value of the property." We do not consider that this question is presented for our consideration. No issue was made by the pleadings as to whether there was or was not any enhancement in value other than the cost of the improvements. The decree contained no finding as to enhancement or decrease in value, and the record does not show any evidence admitted or offered on this subject.

██ The next and only other contention of the appellants is that the trial court erred in not allowing costs and attorney's fees to appellants. The decree is entirely silent on the subject of attorney's fees and court costs. The complaint did not ask for any adjudication on such subject. The decree specifically finds that before the commencement of the suit the Lumber Company offered to give to the appellants all of the relief and the same relief that appellants obtained by the de-

cree. No attorney's fees could properly have been allowed. (See *Ritter v. Ritter*, 381 Ill. 549.) As the case is presented we do not consider there was any error in the decree in this respect.

The decree of the trial court is affirmed.

*Affirmed.*