PER CURIAM.
B.L.H., Inc., not a party to this appeal, purchased a uniform rental business from the appellee, Brown. B.L.H. and Brown entered into an agreement providing, among other things, that Brown would not compete with B.L.H. for five years and that B.L.H. would pay the purchase price over a period of six years. B.L.H.’s busi *51 ness was merged into that of the appellant, Superior Uniforms, Inc. Superior received the benefits and assumed the obligations of the B.L.H. — Brown agreement.
Superior brought action against Brown, alleging that he had violated his agreement not to compete, seeking to have Brown enjoined from violating the agreement and asking other relief for damages caused by-Brown’s alleged violation. Brown’s answer counterclaimed for the balance due on the purchase price of his business and other damages.
The trial judge found the following facts and arrived at the following conclusions of law:
“2. That the ‘Employment Agreement and Agreement Not to Compete’, dated December 18, 1962, admitted into evidence and attached to plaintiff’s complaint as Exhibit A, and the ‘Agreement’, dated April 18, 1964, admitted into evidence and attached to defendant’s counterclaim as Exhibit A, are definitely interrelated and must be read together to equitably determine the mutual rights and obligations of the parties.
“3. That the evidence shows that under all the circumstances of the case, the plaintiff terminated defendant’s employment at a time when plaintiff was still heavily indebted to plaintiff for the purchase of defendant’s former business and defendant’s covenant not to compete which plaintiff is seeking herein to enforce.
“4. That whether the existing employment contract between plaintiff and defendant be terminable at will or not, in view of the conflicting testimony as to nature and cause of defendant’s discharge and the meaning of the contracts between the parties when construed as a whole, the plaintiff directly, or by succession to the obligations of the original purchasing corporation, is liable to defendant for the balnace of the purchase price which was paid for defendant’s business and agreement not to compete.
“5. That the promissory notes attached to defendant’s counterclaim as Exhibits C and D, both dated December 28, 1964, and both original notes admitted in evidence, and representing a settlement of accounts receivable subsequent to the sale of defendant’s former business, are valid obligations binding on plaintiff, to the extent that same remain unpaid, by virtue of its admitted assumption of the obligations and liabilities of BLH, Inc., a Florida corporation.
“6. That the evidence supports the issuance of a permanent injunction in favor of plaintiff and against defendant, upon payment to defendant of the aforesaid sums, restricting defendant’s business activities in accordance with the terms and conditions of Paragraph 1 of the Employment Agreement and Agreement Not to Compete dated December 18, 1962.
“7. That evidence reflected in the file and produced on final hearing is insufficient on the issue of causation to sustain plaintiff’s claim for damages resulting from defendant’s violation of his covenant not to compete; and the evidence is likewise insufficient to sustain defendant’s counterclaim for loss of wages and additional compensation.”
‡ %
“CONCLUSIONS OF LAW
“1. That equity requires plaintiff to pay to defendant all sums owing and unpaid for the purchase of defendant’s former business and the settlement of accounts receivable incident thereto.
“2. That plaintiff upon doing equity as aforesaid, shall be entitled to be free of competition in the uniform rental business unhampered by any adverse influence of the defendant, and to the entry of a permanent injunction so providing for the agreed time and area.”
The final judgment ordered, among other things, that a permanent injunction not to *52 compete be entered against Brown on the condition that Superior pay Brown the balance of the purchase price.
Superior’s main argument on appeal is that the trial judge did not have the authority to condition the injunction upon the payment. We hold that the trial judge’s final judgment is based on powerful authority, the principle: He who seeks equity must do equity.
This principle means:
“ * * * that whatever be the nature of the controversy between two definite parties, and whatever be the nature of the remedy demanded, the court will not confer its equitable relief upon the party seeking its interposition and aid, unless he has acknowledged and conceded, or will admit and provide for, all the equitable rights, claims, and demands justly belonging to the adversary party, and growing out of or necessarily involved in the subject matter of the controversy. It says, in effect, that the court will give the plaintiff the relief to which he is entitled, only upon condition that he has given, or consents to give, the defendant such corresponding rights as he also may be entitled to in respect of the subject-matter of the suit. This meaning of the principle was more definitely expressed by an eminent judge in the following terms: ‘The court of equity refuses its aid to give to the plaintiff what the law would give him if the courts of common law had jurisdiction to enforce it, without imposing upon him conditions which the court considers he ought to comply with, although the subject of the condition should be one which the court would not otherwise enforce.’ [1]
* * * * * *
“According to its true meaning, therefore, the terms imposed upon the plaintiff, as the condition of his obtaining the relief, must consist of the awarding or securing to the defendant something to which he is justly entitled by the principles and doctrines of equity, although not perhaps by those of the common law, — something over which he has a distinctively equitable right.” [2]
See Tampa & J. Ry. Co. v. Catts, 79 Fla. 235, 85 So. 364, 367 (1920); Schultz v. Freeland, 107 Fla. 286, 145 So. 257 (1932); Kester v. Bostwick, 163 Fla. 437, 15 So.2d 201, 206, 207 (1943). The principle is applied in suits for injunction.[3]
Appellant’s second point urges that the court erred in failing to award it damages for breach of the agreement not to compete. The trial court refused to award damages because appellant failed to show a causal connection between the damages claimed and the action of the appellee. The record supports the finding of the trial judge. See Alvarez v. Dumont, Fla. App.1965, 178 So.2d 352.
Appellant’s remaining point, directed to the trial court’s denial of appellant’s prayer for attorney’s fees, is without merit.
Affirmed.

. 2 Pomeroy, Equity Jurisprudence § 385 (5th ed.1941). (Footnotes omitted)

. Id. § 386. (Footnote omitted)

.Id. § 393d. See cases cited in footnote 7 thereto. See also Collester v. Oftedahl, 48 Cal.App.2d 756, 120 P.2d 710 (1941).